UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ECLIPSE SPORTSWIRE,**

    **Plaintiff,**

v.                                       Case No.: 8:22-cv-01433-KKM-CPT

**THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM,**

    **Defendant.**

_____/

**DEFENDANT THE SPORTS MALL, LLC'S
MOTION FOR ATTORNEY'S FEES**

Defendant, The Sports Mall, LLC ("***Sports Mall***"), by and through its undersigned counsel and pursuant to 17 U.S.C. § 505 and Local Rule 7.01, respectfully requests that this Court award Sports Mall approximately $111,578.50 in attorney's fees for its successful defense of this case. Plaintiff, Scott Serio d/b/a Eclipse Sportswire[1] ("***Plaintiff***"), sued Sports Mall asserting a single count of copyright infringement. *See* Dkt. 1 (original Complaint), 25 (Amended Complaint). On March 14, 2024, after nearly two years of litigation, this Court granted summary judgment against Plaintiff, dismissing Plaintiff's claims with

---

[1] Plaintiff sued under the name "Eclipse Sportswire." Eclipse Sportswire is a fictitious name used by Scott Serio for his unincorporated business. *See* Plaintiff's responses to Sports Mall's Interrogatory Nos. 1 and 2 attached hereto as **Exhibit 1**. The actual plaintiff in this case is Scott Serio.

1

prejudice. *See* Dkt. 71 ("**Summary Judgment Order**"). On March 15, 2024, this Court entered judgment against Plaintiff. *See* Dkt. 72.

The Copyright Act provides that:

> [T]he court in its discretion may allow the recovery of full costs . . . [and] award a reasonable attorney's fee to the prevailing party as part of the costs.

*See* 17 U.S.C. § 505. Sports Mall requests that this Court award its attorney's fees for its complete and total success in defending Plaintiff's claims.

## I. BACKGROUND

This was a case about copyrighted photographs. Sports Mall is a marketer and retailer of autographed sports memorabilia and collectibles. Alex Evers is a professional photographer. Plaintiff is a party to a Contributing Photographer's Agreement, as amended, with Mr. Evers (the "**Agreement**"). Plaintiff brought suit alleging infringement of the copyrights in four photos, which Mr. Evers created and in which Mr. Evers owns all copyrights. Plaintiff claimed it had assertable rights in the four allegedly infringed photos under its Agreement with Mr. Evers.

Plaintiff alleged infringement as a result of Sports Mall's inclusion of photos of the following three autographed articles of sports memorabilia on its website:





2

Plaintiff further alleged infringement in its Amended Complaint (Dkt. 25) as a result of Sports Mall's in-line linking and framing on its website of the following two autographed articles of sports memorabilia:

 

Plaintiff's distilled infringement claims were that Sports Mall allegedly infringed the copyrights in (1) two of the photos by copying photos of the first three autographed items[2] from eBay and displaying them on its website, and (2) in the other two photos by in-line linking and framing photos of the latter two autographed items displayed by eBay.

Sports Mall moved for summary judgment on six bases:

1. Plaintiff lacks standing. Plaintiff did not receive from Mr. Evers, by transfer or license, any exclusive right under the copyrights in the works at issue, and thus has no standing to assert a claim of infringement of the works.

2. Plaintiff also lacks standing to sue for infringement of the American Pharoah photo because the allegedly infringed photo of American

---

[2] The first two autographed items contain the same allegedly infringed photo of the horse American Pharoah.

3

   Pharoah is not the photo in either of the two allegedly infringing posters featuring American Pharoah. The photo in the posters is a different photo offered for license by AP Images.

3. Sports Mall did not create any of the allegedly infringing works or have any of them autographed, and Sports Mall never owned or possessed any of the allegedly infringing works and did not photograph them.

4. Plaintiff has no evidence any of the allegedly infringing works are actually unauthorized copies.

5. Sports Mall's use of a photo of an autographed photo to advertise the autographed photo for sale is a fair use permitted under the Copyright Act.

6. Sports Mall's in-line linking and framing of photos is not an infringing display of such photos.

This Court did not make it past Sports Mall's first argument and dismissed Plaintiff's claims, with prejudice, for Plaintiff's lack of standing. *See* Dkt. 71. After dragging Sports Mall through nearly two years of litigation, seeking $600,000 in statutory damages, plus interest, attorney's fees, costs, and an injunction, it turned out Plaintiff had no right to bring this action in the first place.

## II. ARGUMENT

  Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an

4

> officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of costs.

17 U.S.C. § 505. "Although attorney's fees [in copyright cases] are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, No. 3:20-cv-28-BJD-MCR, 2021 WL 8201479, *4 (M.D. Fla. Aug. 10, 2021) (citing *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, No. 8:08-cv-1189-T-17AEP, 2011 WL 7764999, *5 (M.D. Fla. July 12, 2011); *Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003)). Prevailing plaintiffs and prevailing defendants must be treated alike under 17 U.S.C. § 505. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations [the Supreme Court has] identified." *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 103 S.Ct. 1933 (1983) (internal quotations omitted)).

In determining whether to award a prevailing party attorney's fees, courts should consider such non-exclusive factors as 1) frivolousness, 2) motivation, 3) objective unreasonableness (both factually and legally), and 4) the need to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534 n. 19. Courts must apply these factors in a manner that will "further the interests of the Copyright Act," i.e., to encourage "the raising of objectively reasonable claims *and defenses*, which may serve not only to deter infringement but also to

5

ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526–527) (emphasis added). The Eleventh Circuit has underscored that "the only preconditions to an award of fees [are] that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." *MiTek*, 198 F.3d at 842 (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982)). A party's good faith in bringing suit is "not determinative of the issue of attorney's fees." *Id.* (citing *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987)). Moreover, attorney's fees may be awarded to "deter . . . overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209, 136 S. Ct. 1979, 195 L.Ed.2d 368 (2016).

### A. Prevailing Party

A party's degree of success in a lawsuit should be considered in determining whether to award attorney's fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 2016). "Total success" favors a fee award. *See Microsoft Corp. v. Tech. Enters., LLC*, No. 06-22880, 2011 WL 13174758, *3 (S.D. Fla. Sep. 7, 2011) (awarding fees where Microsoft achieved "total success"). Here, Sports Mall achieved complete and total success on the merits as Plaintiff's suit was dismissed on summary judgment, with prejudice.

"The 'prevailing party determination' is different for plaintiffs and defendants, in recognition of their differing litigation objectives." *Affordable Aerial Photography, Inc. v. Trends Realty USA Corp.*, No. 23-11662, 2024 WL 835235, *3 (11th Cir. Feb. 28, 2024) (citing *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1297 (11th Cir. 2021)). "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *Id.* (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431. 136 S.Ct. 1642, 194 L.Ed.2d 707 (2016) (internal quotations omitted)). "Thus, a defendant may obtain prevailing-party status 'whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.'" *Id.* (quoting *CRST*, 578 U.S. at 431). "Importantly, though, 'the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur.'" *Id.* (quoting *Beach Blitz*, 13 F.4th at 1298). A dismissal with prejudice, which prevents a plaintiff from re-filing its claims, places "judicial imprimatur" on the legal relationship of the parties. *Id.*

Here, Sports Mall is unquestionably the prevailing party. Plaintiff's complaint contained a single count of copyright infringement. This Court found that Plaintiff lacked statutory standing to assert the claims in that count and dismissed this case with prejudice, thereby placing judicial imprimatur on the legal relationship of Plaintiff and Sports Mall. *See* Summary Judgment Order at 17. Sports Mall completely and totally succeeded in its defense.

Plaintiff will likely argue that this dismissal only precludes Plaintiff from suing Sports Mall for copyright under the current version of Plaintiff's Agreement with Mr. Evers. In order to file again, though, Plaintiff and Mr. Evers would not only have to restructure their entire contractual relationship, but Mr. Evers would have to further assign to Plaintiff any right he may have to pursue Sports Mall for copyright infringement and perhaps even join as a plaintiff. Although such an action would involve issues similar to those raised in this action, it does not change the fact that the dismissal in this case, on its particular facts, was with prejudice, rendering Sports Mall the prevailing party. And while this Court did not reach Sports Mall's last five arguments in this case, the precise reason for the Court's decision is unimportant. *Affordable Aerial*, 2024 WL 835235, *3. Sports Mall rebuffed Plaintiff's claims, and this case was dismissed with prejudice. Sports Mall is the prevailing party.

### B.   The *Fogerty Factors*

Since Sports Mall is the prevailing party in this case, it is appropriate for this Court to next consider the case under the non-exclusive factors prescribed by the Supreme Court in *Fogerty v. Fantasy, Inc.*

#### 1.   Frivolousness

Plaintiff's arguments were twofold. First, Plaintiff's initial claim was that it is an act of copyright infringement for a party to photograph an article of autographed sports memorabilia and use that photo online to advertise the photographed item for sale. *See* Dkt. 1 (Complaint). Second, Plaintiff's additional

8

claim when it amended to allege additional infringement was that it is also an act of copyright infringement for a party to in-line link and frame a photo of an article of autographed sports memorabilia to advertise the photographed item for sale. *See* Dkt. 25 (Amended Complaint).

With respect to Plaintiff's first argument, the massive number of parties advertising and re-selling not just autographed sports memorabilia, but all sorts of copyrighted items, using photos of the items offered for sale in print and digital media, would be shocked to learn they are all copyright infringers. Sports Mall cited a number of cases rejecting such a claim. *See* Dkt. 61 (Sports Mall's Motion for Summary Judgment) at 18-20; *see also* Dkt. 66 (Sports Mall's Reply) at 4-6. Court have routinely held that the dissemination of photos of copyrighted works "'to provide information to legitimate purchasers under the first sale doctrine' rather than for 'the artistic purpose of [the creator's] original' work is a transformative fair use." *Noland v. Janssen*, 2020 WL 2836464, at *4 (S.D.N.Y. June 1, 2020) (citing and quoting *Stern v. Lavender*, 319 F. Supp. 3d 650, 681 (S.D.N.Y. 2018)); *Rosen v. eBay, Inc.*, 2015 WL 1600081, at *14 (C.D. Cal. Jan. 16, 2015). This is the case whether the party advertising the work for sale owns the advertised copy of the work or not. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163 (9th Cir. 2007) (eBay protected under fair use doctrine); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818 (9th Cir. 2002) (Google protected under fair use doctrine). Though the use is surely commercial, a use of the copyrighted works in this way is not exploitative in the traditional sense. *Noland*, 2020 WL 2836464.

Rather, the purpose of the reproductions is completely different from the purpose of the original, and so they are transformative. *Id.* Plaintiff's first argument, asserted in its initial Complaint and re-asserted in its Amended Complaint, was frivolous.

With respect to Plaintiff's second argument regarding in-line linking and framing of photos (i.e. the "server test"), while the issue is yet unsettled in the Eleventh Circuit, the vast weight of authority is that in-line linking and framing of photos is not copyright infringement, a matter Plaintiff glossed over in its briefing. *Compare* Dkt. 61 (Sports Mall's Motion for Summary Judgment) at 18-20; Dkt. 63 (Plaintiff's Memorandum in Opposition) at 15-18; Dkt. 66 (Sports Mall's Reply) at 6-7. While Plaintiff's argument was not necessarily frivolous, Plaintiff relied solely on decisions of a few New York district courts, a Texas district court, and a case from an Illinois district court, *Flava Works, Inc. v. Gunter*, No. 10 C 6517, 2011 WL 3876910 (N.D. Ill. Sept. 1, 2011), which was vacated by the Seventh Circuit in *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 762 (7th Cir. 2012). *See* Dkt. 62 (Plaintiff's Motion for Partial Summary Judgment) at 15-18. This small handful of non-precedential decisions are the only ones to question the server test. The facts are that the only precedential decisions on topic are from the Seventh and Ninth Circuits and approve of the server test, and that the server test has been cited only with approval in the Eleventh Circuit. *See Affordable Aerial Photography, Inc. v. Ross*, No. 21-CV-81777-AMC, 2023 WL 4014822, at *6-7 (S.D. Fla. Apr. 25, 2023) (report and recommendation finding non-infringement; case quickly dismissed

with prejudice before approval by the district court judge); *MidlevelU, Inc. v. ACI Info Group*, No. No. 18-80843-CIV-REINHART, 2019 WL 7371835, at *3-4 (S.D. Fla. Sept. 10, 2019). Plaintiff's second argument was exceedingly weak.

### 2. Motivation

Plaintiff's motivation for bringing and continuing to press his claims is evidenced by his ever-increasing monetary demands on Sports Mall. Plaintiff's demands began at $15,000, then climbed to $60,000, then to $300,000, and ultimately to $600,000. *See* Plaintiff's responses to Sports Mall's Interrogatory No. 15 attached hereto as **Exhibit 1**; Deposition of Plaintiff (excerpts attached hereto as **Exhibit 2**) ("***Serio Depo.***") at 63:16-75:23, Exs. 31, 32; Dkt. 25 (Amended Complaint). These demands are for photos that Plaintiff testified he licenses for between $500 and $4,000. *See* Plaintiff's response to Sports Mall's Interrogatory Nos. 5 and 15 attached hereto as **Exhibit 1**; Serio Depo. 44:2-50:25. Plaintiff's current statutory damages demand of $600,000 is 37.5 times higher than his highest licensing price.

Courts in the Middle District of Florida, including this Court, have been unmistakably clear that even in cases of willful infringement (there is no infringement here, much less willful infringement), "[s]tatutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Markos v. The Big and Wild Outdoors LLC*, No. 8:22-cv-1258-KKM-AEP, 2023 WL 2919900, *5 (M.D. Fla. Feb. 24, 2023), *approved in part* 2023 WL 2496507 (M.D. Fla. Mar. 14, 2023)

11

(Mizelle, J.; DeSouza, Daniel, plaintiff's counsel) (rejecting 13x damages multiplier) (citing *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, No. 1:16-cv-00405-WSD, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017); *Clever Covers, Inc. v. Sw. Florida Storm Def., LLC*, 554 F. Supp. 2d 1303, 1312 (M.D. Fla. 2008) (internal quotations omitted)); *Ghost Controls, LLC v. Gate1Access, LLC*, No. 5:20-cv-288-Oc-37PRL, 2020 WL 8309717, (M.D. Fla. Oct. 16, 2020).

Plaintiff's demands were not driven by the amount of his allegedly incurred damages, but rather by the maximum amount of statutory damages available. The massive numbers Plaintiff put on the table bore absolutely no relation. Plaintiff's demands were intended only to attempt to leverage a windfall settlement in a case where Plaintiff's infringement claims were at best questionable.

### 3. Objective Unreasonableness

Given the weakness of Plaintiff's claims and improper motivation for his suit, his aggressive litigation of this case all the way up to the eve of trial was unreasonable. Notably, this Court could have dismissed this case on multiple grounds, but needed only to look at the threshold issue of standing. A plaintiff is required to have standing to assert his claims. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (standing is an "essential and unchanging part of the case-or-controversy requirement of Article III"). "A claim cannot proceed in federal court if the plaintiff does not have standing." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012) ("'Because standing is jurisdictional, a dismissal for lack of standing has the same

12

effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).'") (internal quotations omitted). This Court found that Plaintiff had no standing and did not need to reach any of Sports Mall's other defenses.

Although Plaintiff was aware of the nature of his various agreements with Mr. Evers, due diligence requires that prior to suing he needed to ensure he personally possessed the right to sue for infringement without joining Mr. Evers. Because of Plaintiff's failure to assess standing prior to filing suit, Sports Mall was forced to litigate against a baseless claim right up to trial and should be awarded fees for its successful defense.

### 4. Considerations of Compensation and Deterrence

"[A] prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement and furthers the purpose of enriching the general public through access to creative works." *Indyne v. Abacus Tech. Corp.*, No. 6:11-cv-137-Orl-22DAB, 2013 WL 11312471, *11 (M.D. Fla. Dec. 2, 2013). "[D]efendants have an interest in being compensated for their successful defense of [an] action. In addition, potential plaintiffs must be deterred from bringing frivolous and baseless suits." *Id.* (internal quotations omitted).

"Some courts have commented on the importance of making sure that prevailing defendants receive their fees because that is the only means they have of recovering their fees." *Id.* "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Without the prospect of such an award, the party

13

might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Id.* (citing *Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)).  As the *Indyne* court explained:

> [W]hen a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party.  The best illustration is … where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer no matter how costly it was for him to defend against the suit.

*Id.* (citing *Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)).  In addition, a "denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to chill.  Future litigants should be discouraged from comparable behavior."  *Id.* (citing *Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, *2–3 (S.D.N.Y.2007)).  Simply put, future litigants who are copyright holders with frivolous or exceedingly weak cases should be deterred from choosing to sue for copyright infringement, making excessive monetary demands, and aggressively litigating their claims despite a paucity of legal support and a lack of fundamental evidence.

Here, not only were Plaintiff's claims frivolous and/or exceedingly weak, but this Court's dismissal only precludes Plaintiff from suing Sports Mall for copyright under the current version of Plaintiff's Agreement with Mr. Evers.  It is feasible Mr.

14

Evers could bring his own suit against Sports Mall, or that Plaintiff and Mr. Evers could restructure their entire contractual relationship and Plaintiff would then bring a successor action for infringement. If either were to occur, Sports Mall is confident it would still prevail on one or more of its additional asserted defenses. But even if Sports Mall were to succeed yet again in a potential future action, if it is denied relief now it will be unable to recover defense fees incurred in this case in the future action. Plaintiff had his opportunity to litigate his claims in this case, and he lost. If fees are not awarded, Plaintiff will be encouraged to continue aggressively litigating frivolous claims, expecting defendants to capitulate under the weight of ever mounting fees and expenses.

It is also worth noting that Sports Mall is the only one out of pocket for attorney's fees in this case. Plaintiff's law firm advertises itself as a contingency firm of "warriors" that not only help their clients protect their copyrighted works, but "monetize" them. *See* **Exhibit 3** attached hereto. Plaintiff has not paid a dime for pressing his claims. Sports Mall is not so fortunate. So it is not as if Plaintiff would be in a position of paying two sets of lawyers, his own and Sports Mall's, if fees are awarded against him. Rather he will only be reimbursing Sports Mall for its fees, which Sports Mall should have never had to incur in the first place.

### 5. Final Balancing

Attorney's fees are to be awarded to prevailing parties in the court's discretion. *Fogerty*, 510 U.S. at 534. There is no precise rule or formula for making these determinations. *Id.* Instead equitable discretion should be exercised. *Id.* In

15

this case, where Plaintiff has pressed frivolous, exceedingly weak, and ill-motivated claims in an unreasonable manner, Sports Mall, as the unquestionably prevailing defendant, should not be made to absorb its cost of defense. Absent an award, Plaintiff will have succeeded in taking an unsuccessful shot at a windfall recovery in a meritless case and walking away unscathed. All considerations prescribed by the Supreme Court in *Fogerty* weigh in favor of an award of attorney's fees to Sports Mall.

### III.   CONCLUSION

Sports Mall respectfully requests that this Court determine Sports Mall is entitled to recover its attorney's fees incurred in this action. Upon receipt of an order determining entitlement, Sports Mall will submit a supplemental motion on amount as required by Local Rule 7.01.

Dated:  March 27, 2024

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@shumaker.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Defendant, The Sports Mall, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I HEREBY CERTIFY that we have conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised by this motion, and that Plaintiff and Sports Mall have been unable to agree on the resolution of this motion.

/s/ J. Todd Timmerman
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ J. Todd Timmerman
Attorney