IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:22-cv-01433-KKM-MRM

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM

    Defendant.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

Plaintiff Eclipse Sportswire ("Plaintiff") hereby files this memorandum in opposition to defendant The Sports Mall, LLC d/b/a Sportscollectible.com's ("Defendant") Motion for Attorney's Fees (the "Motion") [D.E. 74], and states as follows:

**INTRODUCTION**

Defendant is a serial copyright infringer that has been sued in multiple other copyright infringement lawsuits and had summary judgment entered against it for the same conduct at issue in this lawsuit. Here, Defendant prevailed at summary judgment on the sole basis that the written agreements between Plaintiff and Alex Evers (the photographer who created the subject photographs) did not convey

standing for Plaintiff to sue. Defendant now seeks an award of fees under the Copyright Act, arguing that the Fogerty factors support such award. They do not. Defendant prevailed in this lawsuit on a technicality (Plaintiff's lack of standing). The Court did not find in favor of Defendant on its continued, repeated, and ongoing infringement (although a sister court in the Central District of California did find against Defendant on such conduct). An award of fees here does nothing to advance the goals of the Copyright Act and would only serve to reward Defendant for its infringing conduct. The Court should not discourage other copyright holders from pursuing legitimate claims against Defendant to curb its deliberate, infringing business practices.

## ARGUMENT

I. **Legal Standard**

Under the Copyright Act, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The Supreme Court in Fogerty cited "with approval" a list of "several nonexclusive factors" that courts should consider in making awards for attorney fees under the Copyright Act. Id. Those factors include: (1) "frivolousness," (2) "motivation," (3) "objective unreasonableness (both in the factual and in the legal components of the case)," and (4) "the need in particular

circumstances to advance considerations of compensation and deterrence." MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999) (citing Fogerty, 510 U.S. at 534 n.19).

The Motion argues that an award of attorneys' fees to prevailing parties under the Copyright Act is the "rule" rather than the "exception," but this is a misstatement of the law in the Eleventh Circuit. As noted by the court in Infogroup Inc. v. Office Depot, Inc., No. 23-80358-CIV-CAN, 2024 U.S. Dist. LEXIS 50246, at *7–9 (S.D. Fla. Mar. 21, 2024):

> Upon review of the relevant authorities, the Court agrees with the approach taken in the Report and with its application of the Fogerty factors. First, there is no Eleventh Circuit authority suggesting or requiring application of Defendant's requested presumption. To the contrary, the Eleventh Circuit in Sherry Mfg. Co. v. Towel King of Fla., Inc., 822 F.2d 1031, 1034 (11th Cir. 1987)—cited favorably in Fogerty, 510 U.S. at 521 n.8—did not call in any express terms for a presumption, reaffirming instead the need for discretion. Sherry Mfg. Co., 822 F.2d at 1034 (noting that "the only precondition to the award of attorney's fees is that the party be a prevailing one," and adding that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees"). Second, the Supreme Court's decision in Fogerty calls for faithful application of the four factors in the exercise of the court's discretion, without endorsing or insinuating the existence of a presumption or other "precise rule or formula." 510 U.S. at 534 ("There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified.") (internal quotation marks omitted); id. at 533 (rejecting "[t]he automatic awarding of attorney's fees to the prevailing party," because doing so would "pretermit the exercise of that discretion").

Each factor is therefore analyzed below.

## II. Level of Success Obtained

The Motion argues that Defendant is unquestionably the prevailing party who obtained a total level of success on Plaintiff's claims. The Motion, however, *conveniently* fails to disclose that this is not the first time Defendant has made the same argument following dismissal for lack of standing. Defendant likewise sought fees following dismissal of a copyright infringement claim in Krikor v. Sports Mall LLC, No. CV 22-5600-DMG (MRWx), 2023 U.S. Dist. LEXIS 78954 (C.D. Cal. Mar. 31, 2023). There, "[t]he Court dismissed this claim because, after construing a poorly drafted License Agreement, it concluded that Kevorkian did not have standing to bring the claim." Id. at *6. There, the court addressed Sports Mall's purported level of success:

> Sports Mall argues it obtained total success consistent with this Court's decision in Sofa Entm't, Inc. v. Dodger Productions, Inc., 2010 U.S. Dist. LEXIS 142569, No. CV 08-2616-DMG (PJWx), 2010 WL 6397558, at *1 (C.D. Cal. Nov. 29, 2010). Sofa is different from the case at issue, however, because Sofa was decided on its merits on a summary judgment motion whereas this claim was dismissed without prejudice for lack of standing. The Ninth Circuit has held that success on a "technical defense" does not support an award of fees in Copyright Act cases in the same way as a successful defense on the merits. Fantasy, Inc. v. Fogerty ("Fogerty II"), 94 F.3d 553, 560 (9th Cir. 1996). Here, the degree of success was mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made. Cf. Nutrivita Lab'ys, Inc. v. VBS Distribution Inc., 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016), aff'd, 697 F. App'x 559 (9th Cir. 2017).

> Moreover, the Court dismissed Kevorkian's claim without prejudice. While Sports Mall successfully defended its copyright infringement claim against Kevorkian, Sports Mall remains subject to suit by Krikor for the same infringement. See Perlan Therapeutics, Inc. v. NexBio, Inc., No. CV 05-1855-RTB, 2007 U.S. Dist. LEXIS 19704, 2007 WL 935619, at *2 (S.D. Cal. Mar. 19, 2007) (holding Defendant's degree of success was small because the dismissed copyright claim was re-asserted in a new proceeding). Turning to the merits of Krikor's copyright infringement claim, which was originally asserted by Kevorkian, this Court held Sports Mall infringed on the copyright of Krikor's images. MSJ Ord. at 22. Accordingly, this factor only weighs slightly in Sports Mall's favor, since its success on the copyright infringement claim is mitigated by the circumstances.

While the dismissal here was ostensibly "with prejudice," the point remains that it was on technical – rather than substantive – grounds (i.e., lack of standing). As acknowledged by the Motion, Plaintiff and Mr. Evers can revise their existing agreements to convey the copyrights to Plaintiff (therefore allowing Plaintiff to sue for the same claims) or Mr. Evers can sue for the infringement – there has been no substantive holding as to non-infringement here. That Defendant escaped liability on a technicality in its *4th lawsuit* for copyright infringement – based on its *same* business practices – does not strongly militate in favor of an award of fees.

### III.   The Fogerty Factors

#### A.   *Frivolousness*

"A claim is frivolous if it is without arguable merit in either law or fact." Davis v. Tampa Bay Arena, Ltd., No. 8:12-CV-60-T-30MAP, 2013 U.S. Dist. LEXIS 116370, at *4 (M.D. Fla. Aug. 16, 2013).  Here, the Motion argues that

Plaintiff's claim for copyright infringement was frivolous for two reasons: (a) taking photographs of items for sale is not infringement under the first sale doctrine and (b) the Court should follow the 'server' test with respect to the 3rd and 4th photographs at issue. Neither of these arguments demonstrates a degree of frivolousness of Plaintiff's claim.

First, Defendant seemingly ignores that its liability for copyright infringement – for engaging in the *same* conduct at issue in this lawsuit – was previously determined in Krikor v. Sports Mall, LLC, No. CV 22-5600-DMG (MRWx), 2023 U.S. Dist. LEXIS 13063 (C.D. Cal. Jan. 24, 2023). There (as here), photographers brought suit against Defendant for copyright infringement with respect to its 'scraping' of eBay and copying images therefrom for its own sale on its website. In analyzing the *same* defenses raised by the *same* attorney (John T. Timmerman, Esq.), that court granted the plaintiff's motion for partial summary judgment with respect to liability for copyright infringement. Defendant ***did not appeal or move for reconsideration*** of the partial summary judgment entered against it in Krikor (though it did appeal to the Ninth Circuit a denial of its own motion for attorneys' fees). Defendant likewise settled (rather than mount a defense) another similar infringement lawsuit[1] brought by a professional photographer in the Southern

---

[1] See Boehm et al. v. Signatures 4 U, LLC et al., Case No. 1:21-cv-21977 (S.D. Fla.).

District of Florida with respect to the same conduct.[2]

As addressed in Plaintiff's opposition to Defendant's motion for summary judgment, Defendant's reliance on the first sale/fair use doctrines is misplaced. Stern v. Lavender, 319 F.Supp.3d 650 (S.D.N.Y. 2018) (cited/quoted in the Motion) presented the intersection of the 'first sale' doctrine and fair use.  In that case, the defendant was selling items on eBay *that the defendant itself owned*.  The court found that displaying images of an item *owned by the defendant* to facilitate the sale of such item was protected by fair use (while the actual sale was protected by the 'first sale' doctrine).  Such decision is not particularly controversial.  See, e.g., Adobe Sys. v. Kornrumpf, 780 F. Supp. 2d 988, 994 (N.D. Cal. 2011) ("To avail itself of the first sale doctrine, Hoops must demonstrate that it owned the copies of the Adobe software it resold."); Microsoft Corp. v. Guirguis, No. 20-cv-24514-ALTONAGA/McAliley, 2022 U.S. Dist. LEXIS 95302, at *10–11 (S.D. Fla. Mar. 29, 2022) ("Defendant argues at length that the first sale doctrine absolves him of any liability for his customers' infringing use of Plaintiff's software… Inherent in the doctrine's name, the copyright owner must first 'sell' the copyright… Moreover, ***Defendant concedes he never possessed or sold Plaintiff's software***. (See Mot. 5) (specifying Defendant sold access keys, not software). The ***first sale doctrine is thus inapplicable*** and does not bar Plaintiff's claim of contributory copyright

---

[2] See D.E. 62-3 (Deposition Transcript of Aaron Behar), at 47:1 – 50:14.

infringement.") (emphasis added); Pegasus Imaging Corp. v. Allscripts Healthcare Sols., Inc., No. 8:08-cv-1770-T-30EAJ, 2010 U.S. Dist. LEXIS 15147, at *n.10 (M.D. Fla. Feb. 9, 2010) ("The first sale doctrine is premised on a sale of the particular work in question and the record does not reflect any evidence that Plaintiff sold the barcode program to Defendants. The fair use doctrine applies when the copying is not for commercial use, which is also not applicable in this case.")

Here, it is undisputed that Defendant *does not own* the items being offered for sale and displayed on its website. Rather, Defendant is 'scraping' other sites (such as eBay), copying the photographs/item details therefrom, and posting a duplicate listing for the same item on its website at a substantially marked-up price. If a purchaser is foolish enough to buy the item from Defendant (rather than the actual seller in possession of the item), Defendant then purchases the item from the original seller and has it shipped to Defendant's buyer. Defendant confirmed multiple times during its deposition that it did not own the memorabilia featured in the listings at issue in this lawsuit:

> Q. Okay. Describe to me how it is that someone who's selling something, whether it's on eBay or some other site, their item ends up on The Sports Mall's website?
> MR. TIMMERMAN: Objection; calls for speculation.
> A. The items are used for proprietary software via the scraping technology that grabs the image, title, and price. It goes to an automation process, and it's displayed on our website at a new price.
> BY MR. DESOUZA:
> Q. All right. So I'm not Mr. Technology here, so forgive the

> ignorance. But without getting into anything proprietary --
> don't give me the code -- but describe this scraping technology.
> And let's starts with, who owns it?
> Does The Sports Mall own the scraping technology?
> A. We contacted a third party to use their technology to take the three items off of a page, which includes the image, title, and price.[3]
>
> \*\*\*
>
> Q. Okay. When I scroll down to Paragraph 23, Paragraph 23 is describing another item that was listed for sale on the Sports Mall's website, which appears to be the photograph of Mike Smith, the second photograph, correct?
> MR. TIMMERMAN: Object to the form of the question.
> A. It is a copy of an autographed photo off of -- from the vendor -- from a third-party vendor.
> BY MR. DESOUZA:
> Q. Okay. And this autographed photograph at some point in time was being offered for sale on The Sports Mall's website, correct?
> A. Correct. [4]

Defendant has been adamant throughout this lawsuit that Plaintiff suffered no damages because the items at issue in this lawsuit were never sold by Defendant (meaning it never purchased the items from their respective eBay sellers and never took possession of such items). Indeed, Defendant never even communicated with the eBay sellers with respect to the items it was purporting to sell on its website:

> Q. Okay. However, the vendors that offered for sale autographed photographs that included either the first or the second photograph at issue in this lawsuit, there's no relationship between The Sports Mall and those vendors,

---

[3] See Plaintiff's Motion for Partial Summary Judgment [D.E. 62] (DeSouza Decl. at ¶ 2, Exhibit A (Behar Tr. at 19:4 – 19:22)).

[4] See id (DeSouza Decl. at ¶ 2, Exhibit A (Behar Tr. at 31:7 – 31:20)).

> correct?
> And those eBay sellers, correct.
> Q. No communications with those eBay sellers with respect to either of the two photographs at issue in this lawsuit, correct?
> A. Not that I can recollect.
> Q. No contracts between The Sports Mall and either of those two eBay vendors, correct?
> A. Correct.
> Q. No moneys being exchanged between The Sports Mall and either of those two eBay vendors with respect to the two photographs at issue in this lawsuit, correct?
> A. Correct.[5]

The 'fair use' and 'first sale' doctrines that Defendant seeks to rely upon are inapplicable where, as here, Defendant neither owns nor possesses the items it displays on its website. Defendant cannot shroud itself in the protections of either doctrine when its business practices distinctly rely on the non-ownership of the items at issue. Given that Defendant has never even communicated with the eBay sellers at issue and does not maintain any relationship whatsoever with them, Defendant cannot claim to be some sort of pseudo-agent for the seller.

Defendant cannot seriously contend that Plaintiff's claim with respect to the first two photographs is frivolous given that it already lost summary judgment (in California) on the same issue, settled at least one federal lawsuit on the same issue, and where the law clearly provides that Defendant cannot rely on the 'first sale' doctrine when not in possession of the actual items it purports to sell.

---

[5] See id (DeSouza Decl. at ¶ 2, Exhibit A (Behar Tr. at 69:21 – 70:12)).

Second, Defendant contends that Plaintiff's claims with respect to the 3rd and 4th photographs is frivolous because this Court should follow the Ninth Circuit's 'server test' rule (i.e., it is not infringement if Defendant merely displays the image on its website but the image is still 'hosted' elsewhere – for example, on eBay's server). Defendant itself acknowledges that there is no precedent in the Eleventh Circuit on this issue, insisting that this Court should follow the Ninth Circuit and reject those district courts in the Second Circuit and elsewhere that have rejected the server test. Plaintiff's memorandum in opposition to Defendant's motion for summary judgment addresses this issue, suggesting that the Court should follow those courts in the Second Circuit and elsewhere and not align itself with the Ninth Circuit. At the end of the day, however, the point remains that the law is unsettled here and therefore Plaintiff's claim cannot be deemed frivolous. See City of Riviera Beach v. Lozman, 672 F. App'x 892, 898 (11th Cir. 2016) ("Because the law was unsettled, the City's position was not objectively frivolous, and the district court did not abuse its discretion by refusing to award Rule 11 sanctions on that basis."); Smith v. HM Wallace. Inc, No. 08-22372-CIV-GOLD/MCALILEY, 2009 U.S. Dist. LEXIS 125885, at *7 (S.D. Fla. Sep. 9, 2009) ("Given the unsettled state of the law, the Court cannot conclude that Plaintiff's filing of this action was frivolous, unreasonable or without foundation.").

This factor therefore does not weigh in favor of an award of fees.

### B. *Motivation*

As for the second Fogerty factor, "[c]ourts have found a party's litigation tactics to be evidence of improper motivation." Milton H. Greene Archives, Inc., LLC, 2007 U.S. Dist. LEXIS 96378, 2007 WL 4898365, at *5 (E.D. Cal. Dec. 20, 2007) (citing Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 140 F. Supp. 2d 111, 118 (D. Mass. 2001) (finding this factor favored an award of attorneys' fees where the plaintiff's "hardball conduct in pursuing this litigation provides evidence of an improper motivation.")). More specifically, courts have found improper motivation when a party has a losing case, yet continues to litigate the action to achieve some illegitimate purpose. See Lil' Joe Wein Music, Inc., 2008 U.S. Dist. LEXIS 112730, 2008 WL 2688117, at *7 (July 1, 2008) (finding that "the questionable motivation" of Plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an award); Cohen v. Va. Elec. & Power Co., 617 F. Supp. 619, 623 (E.D. Va. 1985) (finding that if a Plaintiff has a losing cause of action yet continues to litigate, "there is no reason why the discretion of the Court should not be exercised to award fees").

Here, Defendant does not point to any purported improper motivation, litigation conduct, etc. – rather, the Motion simply notes that Plaintiff's 'demand' climbed from $15,000.00 to ultimately $600,000.00.[6] That Plaintiff sought (in its

---

[6] See Motion, at p. 11.

motion for summary judgment) the highest amount of statutory damages available under the Copyright Act, however, is not evidence of improper motivation. Defendant has not complained that Plaintiff took inconsistent positions, engaged in discovery misconduct, or otherwise did anything in this lawsuit other than pursue its claims. Nor has Defendant offered any evidence of its attempt to resolve Plaintiff's claims for reasonable amounts that were somehow rejected by Plaintiff in favor of outlandish demands (as no such evidence exists).

   Plaintiff had a written agreement with Alex Evers that Plaintiff (wrongly) believed conveyed it standing to pursue claims for copyright infringement. Defendant has, for years, engaged in abusive and misleading sales tactics by essentially stealing thousands of listings from eBay and other sites and profiting off its wholesale infringement. While Plaintiff certainly did seek (at summary judgment) the maximum amount of statutory damages (given Defendant's well-documented conduct and disregard of the Copyright Act), such does not take away from Plaintiff's legitimate concern for protecting its intellectual property and that of its contractual photographers. See, e.g., Acosta v. Mega Media Holdings, Inc., No. 15-21837-Civ-COOKE/TORRES, 2017 U.S. Dist. LEXIS 30472, at *28–29 (S.D. Fla. Mar. 2, 2017) ("After considering the parties' arguments, the Court concludes that Plaintiff's suit was motivated, at least in part, by a sincere belief that Defendants committed copyright infringement and that Defendants were liable as a result of their

13
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

conduct. While Defendants argue that Plaintiff's claims always lacked a legitimate basis, this was clearly not the case as evidenced at the summary judgment stage. And although Defendants focus heavily on Plaintiff's refusal to accept their settlement demand, there are no facts in the record to suggest that Plaintiff did not have a good faith reason for doing so.").

This factor likewise does not support an award of fees.

### C.  *Objective Unreasonableness*

"Under the third Fogerty factor, the Court must assess the objective reasonableness of Plaintiff's claims throughout the course of the litigation." Oravec v. Sunny Isles Luxury Ventures L.C., No. 04-22780-CIV, 2010 U.S. Dist. LEXIS 32390, at *20 (S.D. Fla. Mar. 30, 2010).  Here, while Defendant certainly succeeded on its lack of standing argument, it cannot be said that Plaintiff's conduct throughout this lawsuit was somehow objectively unreasonable.  Plaintiff set forth a good faith argument, based on the language of its agreements with Mr. Evers and existing case law, as to why it had standing to pursue its claim.  That the Court ultimately determined that such agreements did not convey one of the exclusive rights prescribed by the Copyright Act does not somehow make Plaintiff's claims objectively unreasonable.  This factor likewise does not favor an award of fees.

### D.     *Consideration of Compensation and Deterrence*

As for the final Fogerty factor, "it does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." <u>Corwin v. Walt Disney World Co.</u>, No. 6:02-cv-1377-Orl-19KRS, 2008 U.S. Dist. LEXIS 112545, at *36 (M.D. Fla. Feb. 15, 2008) (citing <u>Matthew Bender & Co. v. West Publ'g Co.</u>, 240 F.3d 116, 122 (2d Cir. 2001); <u>Lotus Dev. Corp. v. Borland Int'l, Inc.</u>, 140 F.3d 70, 75 (1st Cir. 1998) (finding that in close infringement cases, "the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff who . . . may have advanced a reasonable, albeit unsuccessful, claim")).

Defendant argues that the fourth <u>Fogerty</u> factor weighs in favor of a finding of attorneys' fees because Plaintiff pursued an objectively unreasonable claim that needlessly required Defendant to incur significant expense defending this lawsuit — all of which purportedly did not serve the purposes of the Copyright Act.  But Plaintiff did *not* pursue an objectively unreasonable claim.  The purpose of awarding attorneys' fees under section 505 would actually be frustrated if Defendant was awarded fees. As the Eleventh Circuit has explained, the Court must determine "whether the imposition of fees will further the goals of the Copyright Act." <u>MiTek Holdings, Inc.</u>, 198 F.3d at 843. And the purpose of the Copyright Act is to "deter

infringement" and "ensure that the boundaries of copyright law [are] demarcated as clearly as possible," — which means awarding fees to Defendant would have a "chilling effect on parties raising a reasonable, albeit unsuccessful claim." Id. at 843 (quotation marks and citations omitted).

Defendant should not be awarded for prevailing on a technicality while declaring its intention to not change its infringing business practices (as it is more profitable to continue doing the same and face the occasional infringement lawsuit). Awarding fees here will discourage other copyright holders from presenting legitimate claims against Defendant and only serve to encourage Defendant to continue in its infringing conduct. This factor likewise does not favor an award of fees.

### E. Final Balancing

As demonstrated above, ***none*** of the Fogerty factors favors an award of fees here. Defendant has presented nothing in support of an award of fees other than its own self-serving assumptions about Plaintiff's motivation in pursuing this lawsuit. But Plaintiff has done nothing here other than pursue rights it earnestly believed it had standing to pursue. Plaintiff did not engage in improper conduct throughout this lawsuit and did nothing other than pursue claims that appear to be clear instances of infringement (whether Plaintiff or some other party has standing to pursue).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Dated: April 11, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegla.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza