UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.                                                   Case No. 8:22-cv-1433-KKM-NHA

THE SPORTS MALL, LLC,
d/b/a/ SPORTSCOLLECTIBLES.COM,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

I recommend that the Court grant The Sports Mall, LLC's motion for a determination that it is entitled to an attorney's fee award (Doc. 74). Awarding Defendant a reasonable attorney's fee would further the objectives of the Copyright Act by deterring plaintiffs who lack standing from filing suit.

**I.   Background**

Plaintiff Eclipse Sportswire is a Maryland-based company that provides "editorial photographic coverage for sporting events all over the world with a focus on horse racing, equestrian events, and golf." Am. Compl. (Doc. 25), at ¶¶ 1, 6. Plaintiff and Alex Evers, a photographer, entered into a "Contributing Photographer's Agreement" (Doc. 69-1) in February 2012, which they amended in November 2015 (Doc. 60-2). Under the Contributing Photographer's

1

Agreement, Mr. Evers granted Plaintiff "perpetual non-exclusive worldwide wire service representation with respect to the commercial sale [and] licensing of photographic images . . . which are submitted [by Mr. Evers] to and accepted by [Plaintiff]." Doc. 69-1 at § 1.1. Section 1.3 of the Amendment to the Agreement states,

> [Mr. Evers] herein agrees to jointly hold the copyright of submitted images with [Plaintiff] and its agents. This jointly held copyright interest specifically allows [Plaintiff]the right to unilaterally pursue any and all violations of copyright including the decision to accept a settlement offer or to pursue litigation. This jointly held copyright interest expressly allows to [Mr. Evers] a right to grant limited licenses for use or sale of images without the express consent of [Plaintiff], such that the licensed use or sale is not in competition with the ongoing business of [Plaintiff]. Outside of issues regarding to violations of copyright, [Mr. Evers] is not surrendering any ownership rights relative to submitted images.

Doc. 60-2 at § 1.3.

This action involves four photographs of jockeys that Mr. Evers took, copyrighted, and submitted to Plaintiff, who accepted them. Am. Compl. (Doc. 25), at ¶¶ 11–24. Plaintiff then offered those photographs (collectively, "The Work") for redistribution. Joint Statement of Facts (Doc. 60) at ¶¶ 40–48. Defendant, who operates an online store that sells sports memorabilia and collectibles, offered for sale autographed posters and giclée prints allegedly depicting the Work, which items were created and possessed by a third party. *Id.* at ¶¶ 27, 29–33, 49, 50.

Plaintiff sued Defendant, asserting a single count of copyright infringement regarding all four photographs comprising the Work. *See* Am. Compl. (Doc. 25), at pp. 13–17.

After approximately eighteen months of litigation, Defendant and Plaintiff filed cross motions for summary judgment. Docs. 61, 62. Defendant argued that Plaintiff lacked standing to sue, and that Defendant had not engaged in any unauthorized act. Doc. 61. On March 14, 2024, the Court granted summary judgment in Defendant's favor and dismissed Plaintiff's case with prejudice. Doc. 71, p. 18. Without reaching the parties' other arguments, the Court concluded that Plaintiff lacked standing to sue for copyright infringement under the Copyright Act. *Id.*

Specifically, the Court noted that "The Copyright Act of 1976 limits who has statutory standing to sue for infringement to '[t]he legal or beneficial owner of an exclusive right under a copyright,'" and found that the Contributing Photographer's Agreement and the Agreement Amendment failed to give Plaintiff any such exclusive right. *Id.* at pp. 7, 9 (citing 17 U.S.C. § 501(b)). The Court found that the language of the Contributing Photographer's Agreement and the Agreement Amendment "reveals that [Plaintiff] was granted a limited license to display and distribute the Work, but that license was not exclusive and thus did not convey an exclusive interest in the Work's copyright." *Id.* at p. 13. While the Court recognized that Mr. Evers assigned Plaintiff a "right to

3

sue," the Court found that the right to sue was not one of the prerequisite rights delineated by the Copyright Act and, therefore, did not confer standing. *Id.* at p. 10.

Following the Court's dismissal of Plaintiff's case, Defendant moved for a determination that it was entitled to an attorney's fee under 17 U.S.C. § 505.[1] Doc. 74.

## II. Applicable Law

Under the "American Rule," litigants are not entitled to an award of an attorney's fee for prevailing in litigation "unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). However, through the Copyright Act, Congress empowered a "court in its discretion" to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

In 1994, in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court explained that, in determining whether to award an attorney's fee under Section 505, courts must be "faithful to the purposes of the Copyright Act," which seeks to "assure[] authors the right to their original expression," but also

---

[1] This procedure comports with Local Rule 7.01, which requires that a party "request a determination of entitlement" to an attorney's fee before seeking a specific fee amount.

to "encourage[ ] others to build freely upon the ideas and information conveyed by a work." *Id.* at 517, 527, 534 n. 19. The Supreme Court noted that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527. So, the purposes of the Act are served, not only by encouraging plaintiffs "to litigate meritorious claims of infringement," but also by encouraging defendants to litigate when they present "meritorious copyright defenses." *Id.* For this reason, when determining whether to award an attorney's fee to a prevailing party under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Id.* at 534.

The Supreme Court went on to identify non-exclusive factors that courts could consider in deciding whether a fee award would advance the purposes of Copyright Act, specifically, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" (collectively, "*Fogerty* Factors"). *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)).

Later, in *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016), the Supreme Court provided further guidance. It explained that a district court deciding whether to award a fee should examine the totality of the

5

circumstances, including the *Fogerty* Factors, and should give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Id.* at 202–203, 205.  Emphasizing the reasonableness of the parties' positions "encourages parties with strong legal positions to stand on their rights" notwithstanding the fact that their attorney's fee might dwarf the potential award or cost of settlement, and "deters those with weak [positions] from proceeding with litigation." *Id.* at 205. That said, the Court noted, reasonableness of a losing party's position was an important—but not controlling—factor in determining whether to award a fee, and a district court still must consider whether other concerns mandate a different result. *Id.* at 209. "For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses . . . [o]r . . . to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." *Id*.

### III.  Analysis

As a threshold matter, because Section 505 authorizes a court to award a reasonable attorney's fee to the "prevailing party," the Court must determine whether Defendant is a prevailing party in this litigation. Then, giving substantial weight to the objective reasonableness of Plaintiff's litigating

6

position, the Court must decide whether a fee award to Defendant would further the objectives of the Copyright Act.

### A. Defendant is the Prevailing Party

"Prevailing party" is a "legal term of art," *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001), and rests on whether there has been a "material alteration of the legal relationship of the parties." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989).

Because plaintiffs and defendants "come to court with different objectives"—a plaintiff "seek[ing] a material alteration in the legal relationship between the parties" and a defendant "seek[ing] to prevent this alteration to the extent it is in the plaintiff's favor"—the prevailing-party inquiry differs with respect to plaintiffs and defendants. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). A defendant can attain prevailing-party status when a plaintiff's claims fail, even if for a non-merits reason, so long as the court itself acted "to reject or rebuff the plaintiff's claims." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1363 (11th Cir. 2024) (citations omitted) (emphasizing the "judicial imprimatur" as the "touchstone" of the prevailing party test).

Thus, a defendant does not achieve prevailing-party status through a plaintiff's voluntary dismissal of an action without prejudice. *United States v.*

7

*$70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019); *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014). But a defendant does achieve such status when a court grants a motion to dismiss or a motion for summary judgment the defendant's favor. *See Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021) (finding defendant to be the prevailing party after the district court dismissed five counts without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and plaintiff failed to file an amended complaint because the district court "plainly rebuffed [the plaintiff's] attempt to alter its legal relationship with the [defendant]"); *Hermosilla v. Coca-Cola Co.*, 492 F. App'x 73, 75 (11th Cir. 2012) (affirming the district court's award of an attorney's fee to a defendant who prevailed on summary judgment in a copyright infringement action); *Dawes-Ordonez v. Forman*, 418 F. App'x 819, 821 (11th Cir. 2011) (same).

Here, the Court granted summary judgment in favor of the Defendant, because Plaintiff "lack[ed] statutory standing to sue under the Copyright Act in the light of the current Photographer's Agreement and Agreement Amendment." Doc. 71 at p. 18. The Court dismissed Plaintiff's claims with prejudice, and entered judgment in Defendant's favor and against Plaintiff. Doc. 72. Plaintiff argues that Defendant nevertheless was not the prevailing party, because the dismissal was not granted on the merits of the underlying

8

copyright claim but on a "technical defense." Resp. (Doc. 77) at p. 4–5.[2] But "[a] favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST*, 578 U.S. at 420. Here, Plaintiff sought to materially alter the legal relationship between the parties through its copyright action, and the Court rebuffed Plaintiff's attempt and, by dismissing the action with prejudice, foreclosed Plaintiff's claim. Docs. 71, 72. *See Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) ("[W]hen a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party.'"). Thus, Defendant is the prevailing party.

### B. A fee award to Defendants furthers the objectives of the Copyright Act.

Fee awards are not granted to a prevailing party as a matter of course, but as a matter of discretion. *Fogerty,* 510 U.S. at 534. Again, the critical inquiry in determining whether to award an attorney's fee under Section 505 is whether the award "will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the

---

[2] The case to which Plaintiff cites for the proposition that "that success on a 'technical defense' does not support an award of fees in Copyright Act cases in the same way as a successful defense on the merits," *Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th Cir. 1996), is inapposite to Plaintiff's prevailing party argument, as it held that the defendant was not entitled to fees under the *Fogerty* factors, and not that the defendant was not a "prevailing party."

9

boundaries of copyright law [are] demarcated as clearly as possible.'" *MiTek Holdings Inc.*, 198 F.3d at 842–43 (quoting *Fogerty,* 510 U.S. at 526–27). With this in mind, and heeding *Kirtsaeng*'s guidance, I first consider whether Plaintiff's position that it had standing to bring this copyright action was reasonable.

Well-settled law establishes that a plaintiff lacks standing to sue unless it is "the legal or beneficial owner of an 'exclusive right'" identified by the Copyright Act. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir. 2011) (citing 17 U.S.C. § 501(b)); *see also Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) (Only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right"). The six protected rights are those to reproduce the work; to prepare derivative works based upon the work; to distribute copies of the work; to perform the work publicly; to display the work publicly; and to record and perform the work by means of an audio transmission. 17 U.S.C. § 106. An author's grant to another of a non-exclusive license to exercise any of the six rights does not transfer ownership of the copyright under 17 U.S.C. § 101. *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 752 (11th Cir. 1997).

Plaintiff did not dispute that a person without one of the six exclusive rights lacks standing to sue. Doc. 63 at p. 3. Rather, Plaintiff argued that the Photographer's Agreement and the amendment thereto conferred upon

10

Plaintiff an exclusive licensing right. *Id.* To support its position, Plaintiff pointed to language in the Contributing Photographer's Agreement that states, "Photographer herein agrees to jointly hold the copyright of submitted images with [Plaintiff] and its agents. This jointly held copyright interest specifically allows [Plaintiff] the right to unilaterally pursue any and all violations of copyright including the decision to accept a settlement offer or to pursue litigation." *Id.* at p. 4 (citing Doc. 60-2 at § 1.3). Nowhere in the cited language is an exclusive licensing right conveyed.

As the District Court pointed out, the Contributing Photographer's Agreement (Doc. 69-1), as amended (Doc. 60-2), conveyed no exclusive right identified by the Copyright Act. Doc. 71 at p. 11. First, Section 1.3 of the Amendment, on which Plaintiff relies, clearly describes the copyright as "jointly held" and gives Plaintiff a non-exclusive right to sue for copyright infringement. *Id.* Second, even if Plaintiff had an *exclusive* right to sue for copyright infringement, that right is insufficient to confer standing because it is not a right identified in the Copyright Act. *See* 18 U.S.C. § 106 (protecting the right to reproduce the work; to prepare derivative works based upon the work; to distribute copies of the work; to perform the work publicly; to display the work publicly; and to record and perform the work by means of an audio transmission). Indeed, Circuit Courts of Appeals to examine the issue have held that an assignment of the right to sue does not convey standing. *John*

*Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 410 (2d Cir. 2018) (holding that a photographer's agreement to assign the right to sue to a stock photo agency did not confer standing to the agency under the Copyright Act); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 884–90 (9th Cir. 2005) (en banc) (determining that an assignee of an accrued claim for copyright infringement that did not also receive one of the exclusive copyright interests listed in § 106 may not sue for infringement); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("The Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.").

Finally, other sections of the Contributing Photographer's Agreement (Doc. 69-1) reinforce that Plaintiff held no exclusive right recognized by the Copyright Act. *See* Contributing Photographer's Agreement (Doc. 69-1), at §§ 1.1 ("[Mr. Evers] appoints a perpetual non-exclusive . . . representation with respect to the commercial sale, licensing of photographic images created by [Mr. Evers] . . . which are submitted to and accepted by [Plaintiff]."); 1.2 (Mr. Evers agreeing to not share images that he sends to Plaintiffs "with any other stock photo agency or wire service" but not restricting him from sharing those images beyond those competitors of Plaintiff); Amendment to Contributing Photographer's Agreement (Doc. 60-2), at § 1.3 ("This jointly held copyright interest expressly allows to [Mr. Evers] a right to grant limited licenses for use or sale of images without the express consent of [Plaintiff], such that the

12

licensed use or sale is not in competition with the ongoing business of [Plaintiff]. Outside of issues regarding to violations of copyright, [Mr. Evers] is not surrendering any ownership rights relative to submitted images.").

Given the language of the Copyright Act and its settled interpretation regarding its prerequisites to standing, as well as the straightforward language of the Contributing Photographer's Agreement (Doc. 69-1), as amended (Doc. 60-2), indicating that any relevant rights held by Plaintiff were non-exclusive, I find that Plaintiff's position in bringing this action was not reasonable. Thus, awarding Defendant an attorney's fee will further the purposes of the Copyright Act by encouraging plaintiffs to assess standing prior to filing suit and by deterring plaintiffs who lack standing from proceeding with litigation.

Moreover, I find that other considerations, including the factors approved by *Fogerty*, support an attorney's fee award. In considering the motivation and frivolity factors, I note that Plaintiff—who took a factually unreasonable position on standing—demanded $600,000, the maximum statutory damages available under the Copyright Act (Doc. 62 at p. 24), for the alleged infringement of four photographs which it licenses for $2,000 to $4,000 (Doc. 74-1 at pp. 3, 5). It then prolonged the litigation for more than a year, requiring Defendant to expend fees to defend itself, including on the merits of

13

the case, through summary judgment.³ Awarding an attorney's fee to Defendant will encourage plaintiff's to promptly address meritorious standing issues when raised and will encourage defendants to enforce standing requirements, rather than to seek settlement, even when the cost of litigating them is substantial.⁴

For all these reasons, I find that awarding Defendant a reasonable attorney's fee will further the objectives of the Copyright Act. Given Section 505's instruction that the attorney's fee be awarded "as part of the costs," I defer a recommendation on the Bill of Costs (Doc. 75) until the District Court has resolved whether the Defendant is entitled to a fee and, if the District Court so decides, until Defendant proposes a fee amount, as contemplated by Local Rule 7.01(c).

---

³ Even if Plaintiff's position was not frivolous, "[a] prevailing defendant need not, as a precondition to the award of fees, establish that the plaintiff was acting in bad faith or had brought a frivolous suit." *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987) (citing *Donald Frederick Evans & Associates v. Continental Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986)).

⁴ Plaintiff suggests a fee award is inappropriate because Defendant has been found by other courts to have infringed copyrights through actions similar to those alleged in this action. Doc. 77 at p. 6. But it does not follow that it is therefore reasonable to sue without standing. Indeed, denying a fee might encourage plaintiffs without standing to sue, to impose costs from defendants or to try to force them to pay settlement fees. This would be an improper use of the court system and a drain on the court's resources. On the other hand, if forced to risk paying a defendant's attorney's fee, future plaintiffs will scrutinize their standing before bringing suit.

## IV. Conclusion

For the reasons stated above, I respectfully recommend that Defendant's Motion for a determination that it is entitled to the award of an attorney's fee (Doc. 74) be GRANTED and that Defendant be ordered to make a supplemental motion on the amount to which it is entitled, as contemplated by Local Rule 7.01(c).

**SUBMITTED** for the District Court's consideration on November 7, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.