IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:22-cv-01433-KKM-MRM

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM

    Defendant.

_____

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff Eclipse Sportswire ("Plaintiff") respectfully makes the following objections to the November 7, 2024 Report and Recommendation (the "Report") [D.E. 79].

## INTRODUCTION

Magistrate Natalie Hirt Adams (the "Magistrate") was tasked with reviewing defendant The Sports Mall, LLC's ("Defendant") Motion for Attorney's Fees (the "Motion") [D.E. 74] and making recommendations with respect thereto. The Magistrate concluded that Plaintiff's arguments regarding its standing to pursue a claim for copyright infringement was unreasonable and therefore an award of fees furthered the goals of the Copyright Act. Although Plaintiff did not prevail due to the Court's finding that it lacked standing, nothing in the record suggests that

1

Plaintiff's positions throughout this lawsuit were unreasonable or that Plaintiff had anything but a good faith belief in its standing.  Giving full analysis to the <u>Fogerty</u> factors, fees should not be awarded to a willful infringer who escaped liability in this action on a technical defense.

<h2 style="text-align:center"><u>ARGUMENT</u></h2>

## I.    Legal Standard

The Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  <u>Id.</u>  De novo review "require[s] independent consideration of factual issues based on the record."  <u>Jeffrey S. v. State Bd. of Educ. of State of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam).

## II.    Attorneys' Fees Under the Copyright Act

Under the Copyright Act, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994).  The Supreme Court in Fogerty cited "with approval" a list of "several nonexclusive factors" that courts should consider in making awards for attorney fees under   the Copyright Act.   <u>Id.</u>   Those   factors   include:   (1)

2

"frivolousness," (2) "motivation," (3) "objective unreasonableness (both in the factual and in the legal components of the case)," and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." <u>MiTek Holdings, Inc. v. Arce Eng'g Co.</u>, 198 F.3d 840, 842 (11th Cir. 1999) (citing <u>Fogerty</u>, 510 U.S. at 534 n.19). "[T]he only precondition to the award of attorney's fees is that the party be a prevailing one," and "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." <u>Sherry Mfg. Co. v. Towel King of Fla., Inc.</u>, 822 F.2d 1031, 1034 (11th Cir. 1987).

## III.   Furtherance of the Objectives of the Copyright Act

The bulk of the Report focuses on Plaintiff's purported unreasonableness in pursuing its claim for copyright infringement notwithstanding the ultimate finding that it lacked standing to pursue such claim. According to the Report, because "Plaintiff's position in bringing this action was not reasonable,"[1] awarding fees to Defendant furthers the purposes of the Copyright Act.

Here, there is no question that the Court ultimately granted summary judgment in Defendant's favor, having concluded that Plaintiff lacked standing to pursue its infringement claim. But Plaintiff's belief that it had standing to pursue such claim was not unreasonable. As noted by the Report, the amendment to

---

[1]      <u>See</u> Report, at p. 13.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff's agreement with Mr. Evers provides:

> [Mr. Evers] herein agrees to **jointly hold the copyright** of submitted images with [Plaintiff] and its agents.[2]

While the subject agreements are not models of clarity, the point remains that Plaintiff was operating under the assumption that the above language conveyed it a co-ownership of the copyrights at issue.  As the Court knows, a co-owner of a copyright has standing to pursue claims for infringement.  See, e.g. <u>Minden Pictures, Inc. v. John Wiley & Sons, Inc.</u>, 795 F.3d 997, 1004 (9th Cir. 2015) ("[U]nder the 1976 Act, a single copyright, or right thereunder, may be divided between parties, with each co-owner entitled to sue to protect his or her interest in the right. As we recently explained in the context of copyright ownership, the word 'exclusive' in [the Act] cannot mean that only sole owners possess 'exclusive' rights.'  **If an 'exclusive right' could only be possessed by a sole owner of a copyright, a co-owner would be unable to bring an infringement action to protect his interest**." (internal quotation marks and citation omitted) (emphasis added); <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1146 (9th Cir. 2008) ("We hold that because [Plaintiff] is neither an exclusive licensee **nor a co-owner in the nine copyrights**, it lacks standing to bring the copyright infringement claims alleged in the FAC, and, thus, its copyright infringement claims fail.") (emphasis added).

---

[2]     <u>Id.</u> at p. 2 (emphasis added).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

There is no evidence in the record that Plaintiff had anything but a good faith belief in its standing to pursue an infringement claim. Here, each of the photographs at issue were created by Mr. Evers (the photographer) pursuant to the February 2012 Contributing Photographer's Agreement with Plaintiff. While that agreement appoints a perpetual non-exclusive license to Plaintiff with respect to photographs submitted to Plaintiff, Plaintiff believed the additional terms provided *exclusive* licensing rights to Plaintiff with respect to photographs created pursuant to such agreement:

> 1.2 Limited Exclusivity. Photographer agrees not place any Accepted Image or Similar Image with any other stock photo agency or wire service for licensing or sale, or make, or authorize or permit others to make, any direct licenses or stock sales of any Accepted Image or Similar Image during the term of this Agreement. Similar Images are defined as Images of the same or similar subject matter, content, and composition that, when compared to an Accepted Image, appear to be substantially the same.

> 1.2.1 Credential Restrictions. If the photographer is shooting under an ESW credential, they are not permitted to submit any images made under that agreement to any other stock agency or wire service. This does not serve as a NON-COMPETE clause. If the photographer shoots an event under a different credential, the photographer is under no obligation to ESW regarding image usage. This does not preclude the photographer exercising their copyright as prescribed in Section 1.4.1

> 1.3 Ownership Retained. All Images submitted to Company, including copyright thereto, shall remain the property of Photographer except that all rights, including copyright, for Images created on assignment for Company pursuant to paragraph 6 herein shall remain the property of Company.

Plaintiff believed in good faith that the above language, together with its co-ownership of the copyrights, was sufficient to convey standing. See, e.g. I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996) ("In an exclusive license, the copyright

holder permits the licensee to use the protected material for a specific use and further promises that the same permission will not be given to others."); Stockfood Am., Inc. v. Adagio Teas, Inc., 475 F. Supp. 3d 394, 411 (D.N.J. 2020) ("[I]t is clear from the face of the Agency Agreement that the photographers intended to appoint Stockfood as their exclusive licensing agent. That appointment carried with it the grant of the exclusive right to act as a licensing agent, that is, to authorize the reproduction, distribution, and display of the Images in return for a fee that would be shared with the photographer…. [T]he photographers' retention of limited licensing rights does not undermine exclusivity as a matter of law, and the Agency Agreements provide that Stockfood is the photographers' sole and exclusive agent worldwide.").

## IV.    The Fogerty Factors

"In deciding whether to award attorney's fees, courts should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." Systèmes v. Linear Eng'g & Mfg. Corp., No. 8:23-cv-1444-KKM-AEP, 2024 U.S. Dist. LEXIS 140822, at *2 (M.D. Fla. Aug. 8, 2024) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) and MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999)).  Here, the Report does not extensively address the Fogerty factors but rather condenses them into a single

6

paragraph in which the Magistrate ambiguously concludes: "*I find that other considerations*, including the factors approved by *Fogerty*, support an attorney's fee award."[3]  It is unclear what "other considerations" the Magistrate considered or to what extent any of the <u>Fogerty</u> factors was actually considered (or what weight was given to any particular factor).  Nevertheless, the factors are addressed below.

### A.     *Frivolousness / Reasonableness of Plaintiff's Position*

"A claim is frivolous if it is without arguable merit in either law or fact." <u>Davis v. Tampa Bay Arena, Ltd.</u>, No. 8:12-CV-60-T-30MAP, 2013 U.S. Dist. LEXIS 116370, at *4 (M.D. Fla. Aug. 16, 2013).  Here, the Report first takes issue with the fact that Plaintiff demanded (in its motion for summary judgment) [D.E. 62] $600,000.00 in statutory damages "for the alleged infringement of four photographs which it licenses for $2,000 to $4,000."[4]  The Report suggests that Plaintiff's demand somehow supports an award of fees with respect to <u>Fogerty's</u> motivation and frivolity factors.  It does not.

Plaintiff's motion for summary judgment [D.E. 62] explains the basis by which Plaintiff sought $150,000.00 (the maximum statutory amount for willful copyright infringement) for each of the 4 alleged infringements.  As set forth therein,

---

[3]      <u>Id.</u> at p. 13 (emphasis added).
[4]      <u>Id.</u>

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendant was sued multiple times for copyright infringement – for the **same** conduct at issue in this lawsuit – yet affirmatively decided to not change its business practices as it was more profitable to continue than address allegations of infringement.  The 3rd and 4th photographs at issue in this lawsuit were allegedly infringed during the pendency of this lawsuit – showing that Defendant continued its activities even after this lawsuit was filed.  Had Plaintiff prevailed in this action, the Court has wide discretion under the Copyright Act in awarding statutory damages.  But there was nothing frivolous or questionable about Plaintiff demanding the maximum statutory damages for willful infringement given the facts at issue herein.  See, e.g., Hargis v. Pacifica Senior Living Mgmt., Ltd. Liab. Co., No. 2:22-cv-06989-MCS-PD, 2024 U.S. Dist. LEXIS 83362 (C.D. Cal. May 7, 2024) (following jury trial, entering $6,300,000 judgment for photographer plaintiff, representing $150,000.00 for each of 42 different photographs); Paramount Pictures Corp. v. Does, No. 2:21-cv-09317-MCS-SK, 2022 U.S. Dist. LEXIS 236227, at *10 (C.D. Cal. Dec. 9, 2022) (awarding maximum statutory damages of $150,000.00 per work for each of 138 works for a total of $20,700,000.00); Cengage Learning, Inc. v. Kien Nguyen, No. 1:20-cv-00769 (JGK) (SDA), 2022 U.S. Dist. LEXIS 212049, at *12 (S.D.N.Y. Nov. 21, 2022) ("Based upon the Court's review of the record and relevant case law, and the Court's view regarding the need for deterrence and the other Bryant factors,  the  Court  finds  that  the maximum statutory award  of

$150,000 per infringement is appropriate in this case, given the egregious circumstances that exist."); Warrington v. Taylor, No. CV 21-06583-RGK-GJS, 2022 U.S. Dist. LEXIS 55312, at *9 (C.D. Cal. Mar. 9, 2022) (awarding maximum statutory damages of $150,000.00 per work for each of 4 works for a total of $600,000.00); Reno-Tahoe Specialty, Inc. v. Mungchi, Inc., No. 2:12-cv-01051-GMN-VCF, 2014 U.S. Dist. LEXIS 177168, at *27 (D. Nev. Dec. 19, 2014) (awarding maximum statutory damages of $150,000.00 for one work at issue).

Notably, the Report does not go beyond addressing the reasonableness of Plaintiff's positions as to standing. Nothing in the Report addresses the reasonableness of Plaintiff's positions with respect to the underlying infringement claim. Importantly, Defendant's liability for copyright infringement – for engaging in the **same** conduct at issue in this lawsuit – was previously determined in Krikor v. Sports Mall, LLC, No. CV 22-5600-DMG (MRWx), 2023 U.S. Dist. LEXIS 13063 (C.D. Cal. Jan. 24, 2023). There (as here), photographers brought suit against Defendant for copyright infringement with respect to its 'scraping' of eBay and copying images therefrom for its own sale on its website. In analyzing the **same** defenses raised by the **same** attorney (John T. Timmerman, Esq.), that court granted the plaintiff's motion for partial summary judgment with respect to liability for copyright infringement. Defendant **did not appeal or move for reconsideration** of the partial summary judgment entered against it in Krikor (though it did appeal to

9

the Ninth Circuit a denial of its own motion for attorneys' fees). Defendant likewise

settled (rather than mount a defense) another similar infringement lawsuit[5] brought

by a professional photographer in the Southern District of Florida with respect to the

same conduct.[6]

The Court did not reach the parties' substantive arguments with respect to

infringement or Defendant's defenses (such as fair use/first sale doctrine). But

Plaintiff's positions on such – as evidenced by the summary judgment briefing and

Plaintiff's opposition to the underlying motion for attorneys' fees – demonstrates

that Plaintiff's positions were well-supported by existing legal authority and the facts

of this case. For example, with respect to the first sale/fair use doctrines, Stern v.

Lavender, 319 F.Supp.3d 650 (S.D.N.Y. 2018) presented the intersection of the 'first

sale' doctrine and fair use. In that case, the defendant was selling items on eBay

***that the defendant itself owned***. The court found that displaying images of an item

***owned by the defendant*** to facilitate the sale of such item was protected by fair use

(while the actual sale was protected by the 'first sale' doctrine). Such decision is not

particularly controversial. See, e.g., Adobe Sys. v. Kornrumpf, 780 F. Supp. 2d 988,

994 (N.D. Cal. 2011) ("To avail itself of the first sale doctrine,

Hoops must demonstrate that it owned the copies of the Adobe software it resold.");

---

[5]     See Boehm et al. v. Signatures 4 U, LLC et al., Case No. 1:21-cv-21977 (S.D. Fla.).
[6]     See D.E. 62-3 (Deposition Transcript of Aaron Behar), at 47:1 – 50:14.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

<u>Microsoft Corp. v. Guirguis</u>, No. 20-cv-24514-ALTONAGA/McAliley, 2022 U.S. Dist. LEXIS 95302, at *10–11 (S.D. Fla. Mar. 29, 2022) ("Defendant argues at length that the first sale doctrine absolves him of any liability for his customers' infringing use of Plaintiff's software… Inherent in the doctrine's name, the copyright owner must first 'sell' the copyright… Moreover, ***Defendant concedes he never possessed or sold Plaintiff's software***. (See Mot. 5) (specifying Defendant sold access keys, not software). The ***first sale doctrine is thus inapplicable*** and does not bar Plaintiff's claim of contributory copyright infringement.") (emphasis added); <u>Pegasus Imaging Corp. v. Allscripts Healthcare Sols., Inc.</u>, No. 8:08-cv-1770-T-30EAJ, 2010 U.S. Dist. LEXIS 15147, at *n.10 (M.D. Fla. Feb. 9, 2010) ("The first sale doctrine is premised on a sale of the particular work in question and the record does not reflect any evidence that Plaintiff sold the barcode program to Defendants. The fair use doctrine applies when the copying is not for commercial use, which is also not applicable in this case.")

Here, it is undisputed that Defendant ***does not own*** the items being offered for sale and displayed on its website. Rather, Defendant is 'scraping' other sites (such as eBay), copying the photographs/item details therefrom, and posting a duplicate listing for the same item on its website at a substantially marked-up price. If a purchaser is foolish enough to buy the item from Defendant (rather than the actual seller in possession of the item), Defendant then purchases the item from the original

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

seller and has it shipped to Defendant's buyer.  Defendant confirmed multiple times during its deposition that it did not own the memorabilia featured in the listings at issue in this lawsuit:

> Q. Okay. Describe to me how it is that someone who's selling something, whether it's on eBay or some other site, their item ends up on The Sports Mall's website?
> MR. TIMMERMAN: Objection; calls for speculation.
> A. The items are used for proprietary software via the scraping technology that grabs the image, title, and price. It goes to an automation process, and it's displayed on our website at a new price.
> BY MR. DESOUZA:
> Q. All right. So I'm not Mr. Technology here, so forgive the ignorance. But without getting into anything proprietary -- don't give me the code -- but describe this scraping technology. And let's starts with, who owns it?
> Does The Sports Mall own the scraping technology?
> A. We contacted a third party to use their technology to take the three items off of a page, which includes the image, title, and price.[7]
>
> ***
>
> Q. Okay. When I scroll down to Paragraph 23, Paragraph 23 is describing another item that was listed for sale on the Sports Mall's website, which appears to be the photograph of Mike Smith, the second photograph, correct?
> MR. TIMMERMAN: Object to the form of the question.
> A. It is a copy of an autographed photo off of -- from the vendor -- from a third-party vendor.
> BY MR. DESOUZA:
> Q. Okay. And this autographed photograph at some point in time was being offered for sale on The Sports Mall's website, correct?

---

[7]     See Plaintiff's Motion for Partial Summary Judgment [D.E. 62]  (DeSouza Decl. at ¶ 2, Exhibit A (Behar Tr. at 19:4 – 19:22)).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

A. Correct. [8]

The 'fair use' and 'first sale' doctrines that Defendant seeks to rely upon are inapplicable where, as here, Defendant neither owns nor possesses the items it displays on its website. Defendant cannot shroud itself in the protections of either doctrine when its business practices distinctly rely on the non-ownership of the items at issue.

Defendant cannot seriously contend that Plaintiff's claim with respect to the first two photographs is frivolous given that it already lost summary judgment (in California) on the same issue, settled at least one federal lawsuit on the same issue, and where the law clearly provides that Defendant cannot rely on the 'first sale' doctrine when not in possession of the actual items it purports to sell.

With respect to the 3rd and 4th photographs, Defendant sought (at summary judgment) to have this Court implement/follow the Ninth Circuit's 'server test' rule (i.e., it is not infringement if Defendant merely displays the image on its website but the image is still 'hosted' elsewhere – for example, on eBay's server). Defendant itself acknowledges that there is no precedent in the Eleventh Circuit on this issue, insisting that this Court should follow the Ninth Circuit and reject those district courts in the Second Circuit and elsewhere that have rejected the server test.

---

[8]    See id (DeSouza Decl. at ¶ 2, Exhibit A (Behar Tr. at 31:7 – 31:20)).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff's memorandum in opposition to Defendant's motion for summary judgment addressed this issue, suggesting that the Court should follow those courts in the Second Circuit and elsewhere and not align itself with the Ninth Circuit. At the end of the day, however, the point remains that the law is unsettled here and therefore Plaintiff's claim cannot be deemed frivolous. See City of Riviera Beach v. Lozman, 672 F. App'x 892, 898 (11th Cir. 2016) ("Because the law was unsettled, the City's position was not objectively frivolous, and the district court did not abuse its discretion by refusing to award Rule 11 sanctions on that basis."); Smith v. HM Wallace. Inc, No. 08-22372-CIV-GOLD/MCALILEY, 2009 U.S. Dist. LEXIS 125885, at *7 (S.D. Fla. Sep. 9, 2009) ("Given the unsettled state of the law, the Court cannot conclude that Plaintiff's filing of this action was frivolous, unreasonable or without foundation."). This factor therefore does not weigh in favor of an award of fees.

### B.    Motivation

As for the second Fogerty factor, "[c]ourts have found a party's litigation tactics to be evidence of improper motivation." Milton H. Greene Archives, Inc., LLC, 2007 U.S. Dist. LEXIS 96378, 2007 WL 4898365, at *5 (E.D. Cal. Dec. 20, 2007) (citing Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC, 140 F. Supp. 2d 111, 118 (D. Mass. 2001) (finding this factor favored an award of attorneys' fees where the plaintiff's "hardball conduct in pursuing this litigation

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

provides evidence of an improper motivation.")).  More specifically, courts have found improper motivation when a party has a losing case, yet continues to litigate the action to achieve some illegitimate purpose.  See Lil' Joe Wein Music, Inc., 2008 U.S. Dist. LEXIS 112730, 2008 WL 2688117, at *7 (July 1, 2008) (finding that "the questionable motivation" of Plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an award); Cohen v. Va. Elec. & Power Co., 617 F. Supp. 619, 623 (E.D. Va. 1985) (finding that if a Plaintiff has a losing cause of action yet continues to litigate, "there is no reason why the discretion of the Court should not be exercised to award fees").

Here, the Report does not point to any purported improper motivation, litigation conduct, etc. (other than, as discussed above, Plaintiff's summary judgment demand for $150,000.00 for each of the 4 photographs).  That Plaintiff sought (in its motion for summary judgment) the highest amount of statutory damages available under the Copyright Act, however, is not evidence of improper motivation.  The Magistrate did not find that Plaintiff took inconsistent positions, engaged in discovery misconduct, or otherwise did anything in this lawsuit other than pursue its claims.  Nor did the Magistrate find that Defendant attempted to resolve Plaintiff's claims for reasonable amounts that were somehow rejected by Plaintiff in favor of outlandish demands (as no such evidence exists).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff had a written agreement with Alex Evers that Plaintiff (wrongly) believed conveyed it standing to pursue claims for copyright infringement. Defendant has, for years, engaged in abusive and misleading sales tactics by essentially stealing thousands of listings from eBay and other sites and profiting off its wholesale infringement.   While Plaintiff certainly did seek (at summary judgment) the maximum amount of statutory damages (given Defendant's well-documented conduct and disregard of the Copyright Act), such does not take away from Plaintiff's legitimate concern for protecting its intellectual property and that of its contractual photographers.  See, e.g., Acosta v. Mega Media Holdings, Inc., No. 15-21837-Civ-COOKE/TORRES, 2017 U.S. Dist. LEXIS 30472, at *28–29 (S.D. Fla. Mar. 2, 2017) ("After considering the parties' arguments, the Court concludes that Plaintiff's suit was motivated, at least in part, by a sincere belief that Defendants committed copyright infringement and that Defendants were liable as a result of their conduct. While Defendants argue that Plaintiff's claims always lacked a legitimate basis, this was clearly not the case as evidenced at the summary judgment stage. And although Defendants focus heavily on Plaintiff's refusal to accept their settlement demand, there are no facts in the record to suggest that Plaintiff did not have a good faith reason for doing so.").

This factor likewise does not support an award of fees.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### C.  Considerations of Compensation and Deterrence

As for the final <u>Fogerty</u> factor, "it does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." <u>Corwin v. Walt Disney World Co.</u>, No. 6:02-cv-1377-Orl-19KRS, 2008 U.S. Dist. LEXIS 112545, at *36 (M.D. Fla. Feb. 15, 2008) (citing <u>Matthew Bender & Co. v. West Publ'g Co.</u>, 240 F.3d 116, 122 (2d Cir. 2001); <u>Lotus Dev. Corp. v. Borland Int'l, Inc.</u>, 140 F.3d 70, 75 (1st Cir. 1998) (finding that in close infringement cases, "the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff who . . . may have advanced a reasonable, albeit unsuccessful, claim").

There is no real discussion of the fourth <u>Fogerty</u> factor in the Report.  Here, Plaintiff did *not* pursue an objectively unreasonable claim.  The purpose of awarding attorneys' fees under section 505 would actually be frustrated if Defendant was awarded fees. As the Eleventh Circuit has explained, the Court must determine "whether the imposition of fees will further the goals of the Copyright Act." <u>MiTek Holdings, Inc.</u>, 198 F.3d at 843. And the purpose of the Copyright Act is to "deter infringement" and "ensure that the boundaries of copyright law [are] demarcated as clearly as possible," — which means awarding fees to Defendant would have a

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

"chilling effect on parties raising a reasonable, albeit unsuccessful claim." Id. at 843 (quotation marks and citations omitted).

Defendant should not be awarded for prevailing on a technicality while declaring its intention to not change its infringing business practices (as it is more profitable to continue doing the same and face the occasional infringement lawsuit). Awarding fees here will discourage other copyright holders from presenting legitimate claims against Defendant and only serve to encourage Defendant to continue in its infringing conduct. This factor likewise does not favor an award of fees.

### D.   Balancing of the Fogerty Factors

As demonstrated above, *none* of the Fogerty factors favors an award of fees. Plaintiff has done nothing here other than pursue rights it earnestly believed it had standing to pursue. Plaintiff did not engage in improper conduct throughout this lawsuit and did nothing other than pursue claims that appear to be clear instances of infringement (whether Plaintiff or some other party has standing to pursue). While the Report criticizes Plaintiff for "prolong[ing] the litigation for more than a year,"[9] it does not identify *any* conduct (other than the ordinary pursuit of its claim) that Plaintiff engaged in to prolong the litigation. Under the Magistrate's view, *any* plaintiff or defendant that ultimately loses a case – notwithstanding its good faith

---

[9]   See Report, at p. 13.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

belief in its positions – somehow prolongs the case and should be assessed the other party's fees.  That has never been the standard for awarding fees.

## V.    Level of Success Obtained

The issue before the Court is remarkably similar to <u>Krikor v. Sports Mall LLC</u>, No. CV 22-5600-DMG (MRWx), 2023 U.S. Dist. LEXIS 78954 (C.D. Cal. Mar. 31, 2023).   As explained above, that case involved copyright infringement claims *against Defendant* predicated on the same conduct at issue herein.   In <u>Krikor</u>, Defendant made the same argument (seeking entitlement to fees) following a dismissal for lack of standing based on a "poorly drafted License Agreement." There, "[t]he Court dismissed this claim because, after construing a poorly drafted License Agreement, it concluded that Kevorkian did not have standing to bring the claim."   <u>Id.</u> at *6.   There, the court addressed Sports Mall's purported level of success:

> Sports Mall argues it obtained total success consistent with this Court's decision in <u>Sofa Entm't, Inc. v. Dodger Productions, Inc.</u>, 2010 U.S. Dist. LEXIS 142569, No. CV 08-2616-DMG (PJWx), 2010 WL 6397558, at *1 (C.D. Cal. Nov. 29, 2010). <u>Sofa</u> is different from the case at issue, however, because <u>Sofa</u> was decided on its merits on a summary judgment motion whereas this claim was dismissed without prejudice for lack of standing. The Ninth Circuit has held that success on a "technical defense" does not support an award of fees in Copyright Act cases in the same way as a successful defense on the merits. <u>Fantasy, Inc. v. Fogerty ("Fogerty II")</u>, 94 F.3d 553, 560 (9th Cir. 1996). Here, the degree of success was mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made. Cf. <u>Nutrivita Lab'ys, Inc. v. VBS</u>

19

Distribution Inc., 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016), aff'd, 697 F. App'x 559 (9th Cir. 2017).

Moreover, the Court dismissed Kevorkian's claim without prejudice. While Sports Mall successfully defended its copyright infringement claim against Kevorkian, Sports Mall remains subject to suit by Krikor for the same infringement. See Perlan Therapeutics, Inc. v. NexBio, Inc., No. CV 05-1855-RTB, 2007 U.S. Dist. LEXIS 19704, 2007 WL 935619, at *2 (S.D. Cal. Mar. 19, 2007) (holding Defendant's degree of success was small because the dismissed copyright claim was re-asserted in a new proceeding). Turning to the merits of Krikor's copyright infringement claim, which was originally asserted by Kevorkian, this Court held Sports Mall infringed on the copyright of Krikor's images. MSJ Ord. at 22. Accordingly, this factor only weighs slightly in Sports Mall's favor, since its success on the copyright infringement claim is mitigated by the circumstances.

While the dismissal here was "with prejudice," the point remains that it was on technical – rather than substantive – grounds (i.e., lack of standing). Nothing in the Court's Final Judgment precludes Plaintiff and Mr. Evers from revising their existing agreements to convey the copyrights to Plaintiff (therefore allowing Plaintiff to sue for the same claims) or otherwise stops Mr. Evers from suing for the infringement (indeed, he has already done such) – there has been no substantive holding as to non-infringement here. That Defendant escaped liability on a technicality in its *4th lawsuit* for copyright infringement – based on its *same* business practices – does not strongly militate in favor of an award of fees.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court

20

reject the Report's conclusion that Defendant is entitled to prevailing party attorneys' fees.

Dated: November 14, 2024.                COPYCAT LEGAL PLLC
                                         3111 N. University Drive
                                         Suite 301
                                         Coral Springs, FL 33065
                                         Telephone: (877) 437-6228
                                         dan@copycatlegal.com
                                         lauren@copycatlegla.com

                                         By: /s/ Daniel DeSouza_____
                                             Daniel DeSouza, Esq.
                                             Florida Bar No.:  19291
                                             Lauren Hausman, Esq.
                                             Florida Bar No.: 1035947

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                               /s/ Daniel DeSouza____
                               Daniel DeSouza

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228