UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECLIPSE SPORTSWIRE,

    **Plaintiff**,

v.                                             Case No.: 8:22-cv-01433-KKM-NHA

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM,

    **Defendant.**
_____/

**DEFENDANT THE SPORTS MALL, LLC'S
RESPONSE TO PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION ON DEFENDANT'S
<u>MOTION FOR ATTORNEY'S FEES</u>**

Plaintiff's Objections [Dkt. 80] ("***Objections***") to the Magistrate Judge's well-reasoned Report and Recommendation [Dkt. 79] ("***R&R***") are simply more of the same – a rehash of the same arguments made and positions taken in the original papers submitted to the Magistrate Judge, coupled with more sharp rhetoric directing unsupported (and unsupportable), inaccurate, and irrelevant *ad hominem* attacks at Defendant, The Sports Mall, LLC ("***Sports Mall***"), and its counsel.[1] What Plaintiff's Objections do not do is pinpoint the specific findings by

---

[1] Sports Mall will not respond in kind. Notably, neither Plaintiff nor Plaintiff's counsel participated in any of the other cases repeatedly referenced, and his characterization of this case as being the same as those cases is simply wrong. Additionally, contrary to Plaintiff's characterization, one case Sports Mall outright won on summary judgment after an earlier dismissal of a copyright infringement count, and the other two cases settled. If this Court would like full synopses of those cases so they can be considered in context, Sports Mall would not only require an enlargement of the page limitations for this Response, but would also be limited by the confidentiality obligations contained in

the Magistrate Judge with which Plaintiff disagrees as required by the Eleventh Circuit. In the absence of specific objections, Plaintiff's Objections are reviewed for "clear error," which is not present here. Even on *de novo* review, though, there is no flaw in the Magistrate Judge's analysis. Plaintiff simply dislikes the recommendation in the R&R. Sports Mall respectfully requests that this Court overrule Plaintiff's Objections and adopt and approve the R&R.

## **Legal Standard**

A Magistrate Judge's report and recommendation may be accepted, rejected, or modified. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. *Id.* But objections must "clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The report and recommendation is reviewed for "clear error" in the absence of specific objections. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006). And legal conclusions are reviewed *de novo*. *See LeCroy v. McNeil*, 397 Fed. App'x 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)).

---

the settlement agreements. There are many reasons to settle a case, and Plaintiff knows nothing of the facts and motivations underlying those settlements. If requested, Sports Mall will supplement this briefing to elaborate on those cases.

"It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a[n] R & R." *Perkins v. Comm'r of Social Security*, No. 6:23-cv-137-WWB-LHP, 2024 WL 4603983, *2 (M.D. Fla. Jan. 9, 2024) (quoting *Hall v. Sargeant*, No. 18-cv-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quotation omitted)). Furthermore, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Leatherwood*, 384 F. App'x at 857 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## **Argument**

The Magistrate Judge's R&R:

- Recites the factual background of the case – pp. 1-4;

- Recites the applicable legal standard – pp. 4-6;

- Discusses how and why Sports Mall is the "prevailing party" in this case – pp. 6-9;

- Applies the *Fogerty* factors of (1) frivolousness, (2) motivation, (3) objective unreasonableness (both in the factual and in the legal components of the case), and (4) the need in particular circumstances to advance considerations of compensation and deterrence to this case – pp. 9-14;

- Finds that awarding Sports Mall a reasonable attorney's fee will further the objectives of the Copyright Act – p. 14; and

- Recommends that Sports Mall's motion for a determination it is entitled to an award of attorney's fees be granted – p. 15.

3

[Dkt. 79]. Plaintiff does not claim the Magistrate Judge misstated the law or applied the wrong law to Sports Mall's Motion for Attorney's Fees [Dkt. 74] ("***Fee Motion***"). Plaintiff merely takes issue with the Magistrate Judge's findings in general and re-argues its opposition to Sports Mall's Fee Motion hoping for a more receptive audience. Indeed, Plaintiff's Objections are four pages longer than its response to Sports Mall's Fee Motion. This is exactly the sort of argument the Eleventh Circuit has instructed this Court need not consider. *Leatherwood*, 384 F. App'x at 857. Plaintiff does not in its Objections even try to pinpoint specific findings with which it disagrees. As a result, there is no requirement that the R&R be reviewed *de novo*. Rather it should be reviewed for "clear error," which is absent here. *Macort*, 208 Fed. App'x at 784.

To the extent, though, this Court does try to extract from Plaintiff's Objections specific findings with which Plaintiff disagrees, Sports Mall notes the following excerpts from the Objections:

> **1.   "Plaintiff's belief that it had standing to pursue [its copyright infringement] claim was not unreasonable." – p. 3**

Plaintiff argues his belief he had standing in this case was reasonable and thus, by implication, that there was in fact a genuine dispute of material fact as to whether his Contributing Photographer's Agreement with Mr. Evers, as amended, granted him an exclusive right under the copyrights in the works at issue and standing to assert a claim of copyright infringement. This is nothing but a belated

4

challenge to this Court's grant of summary judgment, which held there was no genuine dispute. Specifically, Plaintiff argues:

> As noted by the [R&R], the amendment to Plaintiff's agreement with Mr. Evers provides:
>
>> [Mr. Evers] herein agrees to ***jointly hold the copyright*** of submitted images with [Plaintiff] and its agents.
>
> While the subject agreements are not models of clarity, the point remains that Plaintiff was operating under the assumption that the above language conveyed it a co-ownership of the copyrights at issue. As the Court knows, a co-owner of a copyright has standing to pursue claims of infringement.

Objections at 4 (emphasis in Objections). Not only is this belated challenge to this Court's ruling procedurally inappropriate, but the amendment to Plaintiff's Contributing Photographer's Agreement[2] continued with the following additional, material language, which Plaintiff omits:

> This jointly held copyright interest specifically allows [Plaintiff] the right to unilaterally pursue any and all violations of copyright including the decision to accept a settlement offer or to pursue litigation. This jointly held copyright interest expressly allows to [Mr. Evers] a right to grant limited licenses for use or sale of images without the express consent of [Plaintiff], such that the licensed use or sale is not in competition with the ongoing business of [Plaintiff]. ***Outside of issues regarding to violations of copyright, [Mr. Evers] is not***

---

[2] Plaintiff quotes Section 1.3 of the original Contributing Photographer's Agreement at page 5 of its Objections, which section was superseded in its entirety by the amendment. Presumably this was by mistake. Plaintiff also quotes Sections 1.2 and 1.2.1 of the Contributing Photographer's Agreement, which were not grants of license rights, but rather restrictions on Mr. Evers. Irrespective, this Court already held on summary judgment none of these provisions, alone or together, conveyed an exclusive right to Plaintiff under the copyrights in the works at issue.

5

> ***surrendering any ownership rights relative to submitted images.***

(emphasis added). This further language clarified that the ***only*** rights transferred to Plaintiff were the nonexclusive rights to (1) pursue violations of copyright and (2) grant limited licenses for the use or sale of licensed images. Nothing else. And that is what this Court found. *See* Order [Dkt. 71] at 17.

Contrary to Plaintiff's argument that the "subject agreements are not models of clarity," this Court held the "***plain language*** of Section 1.3 of the Agreement Amendment ***makes clear*** that the only interest granted to Eclipse in the Agreement Amendment is the right to sue. And that right to sue was not even exclusive to Eclipse, but held jointly with Evers." *See* Order [Dkt. 71] at 12 (emphasis added). The Magistrate Judge noted this holding, walked through the reasoning again [R&R at 11-13], and concluded:

> Given the language of the Copyright Act and its settled interpretation regarding its prerequisites to standing, as well as the ***straightforward language*** of the Contributing Photographer's Agreement (Doc. 69-1), as amended (Doc. 60-2), indicating that any relevant rights held by Plaintiff were non-exclusive, I find that Plaintiff's position in bringing this action was not reasonable.

R&R at 13 (emphasis added). Both this Court and the Magistrate Judge found that the plain and straightforward language of the Contributing Photographer's Agreement, as amended, led to a single conclusion – Plaintiff had no standing. To claim now there was another reasonable interpretation this Court missed, when two judges have now characterized the relevant language of the Contributing

6

Photographer's Agreement, as amended, as "plain" and "straightforward," is simply a collateral attack on this Court's grant of summary judgment.

Plaintiff's claim that his interpretation of the Contributing Photographer's Agreement, as amended, was reasonable is supported by only a selective and materially incomplete quotation of the agreement and amendment. Considering the entirety of the agreement and amendment, this Court found Plaintiff lacked standing, and the Magistrate Judge found it unreasonable for Plaintiff to have taken the position he did. There is no reason given for this Court to reject the Magistrate Judge's finding.[3]

> **2. "[T]he [R&R] does not extensively address the Fogerty factors but rather condenses them into a single paragraph in which the Magistrate ambiguously concludes: '*I find that other considerations*, including the factors approved by *Fogerty*, support an attorney's fee award.' It is unclear what 'other considerations' the Magistrate considered or to what extent any of the Fogerty factors was actually considered (or what weight was given to any particular factor). Nevertheless, the factors are addressed below." – pp. 6-7**

This criticism of the Magistrate Judge's R&R is simply wrong. The Magistrate Judge discussed the applicable law, including the *Fogerty* factors, at length at pages 4-6 of the R&R and applied each of the *Fogerty* factors at pages 9-14 of the R&R. So nine of the fifteen pages of the R&R were devoted to addressing

---

[3] The cases Plaintiff cites, *I.A.E., Inc. v. Shaver*, 74 F.3d 768 (7th Cir. 1996) and *Stockfood Am., Inc. v. Adagio Teas, Inc.*, 475 F.Supp.3d 394, 411 (D.N.J. 2020), do not support Plaintiff's argument that his interpretation of the Contributing Photographer's Agreement, as amended, was reasonable. They are only cited to challenge this Court's finding that the plain language of the agreement and amendment conveyed no exclusive right and afforded no standing.

and applying the *Fogerty* factors. This statement is nothing but an excuse to rehash Plaintiff's previous arguments under the *Fogerty* factors, which Plaintiff proceeds to do for the next thirteen pages of his Objections. This attempt at a second bite of the apple is inappropriate. *Perkins*, 2024 WL 4603983, *2.

> 3. "[T]he [R&R] first takes issue with the fact that Plaintiff demanded (in its motion for summary judgment) [D.E. 62] $600,000.00 in statutory damages 'for the alleged infringement of four photographs which it licenses for $2,000 to $4,000.' The [R&R] suggests that Plaintiff's demand somehow supports an award of fees with respect to <u>Fogerty's</u> motivation and frivolity factors. It does not." – p. 7

The issue of Plaintiff's statutory damages claims was not raised until nearly the end of the R&R, in the Magistrate Judge's continued discussion of the "motivation and frivolity factors," and was one of the Magistrate Judge's "other considerations." R&R at 13. The Magistrate Judge was not impressed "that Plaintiff—who took a factually unreasonable position on standing—demanded $600,000, the maximum statutory damages available under the Copyright Act (Doc. 62 at p. 24), for the alleged infringement of four photographs which it licenses for $2,000 to $4,000 (Doc.74-1 at pp. 3, 5)." In other words, Plaintiff's $600,000 statutory damages demand was 37.5 times higher than his highest licensing price, an aggressive position in a case where Plaintiff lacked standing.

Courts in the Middle District of Florida, including this Court, have been unmistakably clear that even in cases of willful infringement (there was no infringement here, much less willful infringement), "[s]tatutory damages are not

8

intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Markos v. The Big and Wild Outdoors LLC*, No. 8:22-cv-1258-KKM-AEP, 2023 WL 2919900, *5 (M.D. Fla. Feb. 24, 2023), *approved in part* 2023 WL 2496507 (M.D. Fla. Mar. 14, 2023) (Mizelle, J.) (rejecting 13x damages multiplier) (citing *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, No. 1:16-cv-00405-WSD, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017); *Clever Covers, Inc. v. Sw. Florida Storm Def., LLC*, 554 F. Supp. 2d 1303, 1312 (M.D. Fla. 2008) (internal quotations omitted)); *Ghost Controls, LLC v. Gate1Access, LLC*, No. 5:20-cv-288-Oc-37PRL, 2020 WL 8309717, (M.D. Fla. Oct. 16, 2020). The Magistrate Judge certainly did not err by considering Plaintiff's attempt to leverage a windfall settlement by a grossly excessive statutory damages demand, in a case where he had no standing, as an exacerbating factor where it comes to the frivolity of his claims and improper motivation.

4. **"[T]he [R&R] does not go beyond addressing the reasonableness of Plaintiff's positions as to standing." – p. 9**

Standing is a threshold issue. A plaintiff is required to have standing to assert his claim. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (standing is an "essential and unchanging part of the case-or-controversy requirement of Article III"). "A claim cannot proceed in federal court if the plaintiff does not have standing." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012). When Plaintiff was found to lack standing, his entire case was dismissed, with prejudice, and as a result Sports Mall

achieved complete and total success in defending Plaintiff's claim. This Court did not then proceed to analyze the remainder of Plaintiff's and Sports Mall's arguments, and so the Magistrate Judge had nothing to consider other than this Court's decision on standing, where the Magistrate Judge found Plaintiff's position to have been unreasonable. Plaintiff's arguments that his case was otherwise reasonable rest on the assumption this Court would have ruled for him but for his lack of standing. But this Court did not get to that point, and so the Magistrate Judge logically did not go beyond addressing the reasonableness of Plaintiff's position on standing. To do so would have required this Court and/or the Magistrate Judge to rule on issues no longer before them, in essence providing advisory opinions.

**5.    "[T]he [R&R] does not point to any purported improper motivation, litigation conduct, etc. (other than, as discussed above, Plaintiff's summary judgment demand for $150,000.00 for each of the 4 photographs)." – p. 15**

Plaintiff argues that a demand for the highest possible of statutory damages "is not evidence of improper motivation." Objections at 15. The Magistrate Judge disagreed. R&R at 13. This was not simply for the reason Plaintiff made a maximum statutory damages demand, though. The Magistrate Judge was clear that where (1) Plaintiff "took a factually unreasonable position on standing" and (2) "alleged infringement of four photographs which it licenses for $2,000 to $4,000," in essence seeking a windfall recovery, a maximum statutory damages demand is evidence of improper motivation and frivolity. R&R at 13. This is in

10

addition to "prolong[ing the] litigation for more than a year, requiring [Sports Mall] to expend fees to defend itself, including on the merits of the case, through summary judgment." R&R at 13-14.

> 6. **"The Magistrate did not find that Plaintiff took inconsistent positions, engaged in discovery misconduct, or otherwise did anything in this lawsuit other than pursue its claims." – p. 15**
>
> **"While the [R&R] criticizes Plaintiff for 'prolong[ing] the litigation for more than a year, it does not identify *any* conduct (other than the ordinary pursuit of its claim) that Plaintiff engaged in to prolong the litigation." – p. 18**

"A prevailing defendant need not, as a precondition to the award of fees, establish that the plaintiff was acting in bad faith or had brought a frivolous suit." *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987) (citing *Donald Frederick Evans & Ass. v. Continental Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986)). There was no need for the Magistrate Judge to find that Plaintiff took inconsistent positions, engaged in misconduct, or otherwise acted in bad faith to find Sports Mall is entitled to recover its attorney's fees for the successful defense of Plaintiff's claim.

> 7. **"Nor did the Magistrate find that Defendant attempted to resolve Plaintiff's claims for reasonable amounts that were somehow rejected by Plaintiff in favor of outlandish demands (as no such evidence exists)." – p. 15**

The Magistrate Judge did not need to find that Defendant attempted to resolve Plaintiff's claims for reasonable amounts that were somehow rejected by Plaintiff in favor of outlandish demands to find Sports Mall is entitled to recover

11

its attorney's fees for the successful defense of Plaintiff's claim. As this Court knows, though, the parties mediated this case on March 2, 2023, and an impasse was reached. *See* Dkt. 17 (Mediation Report). Sports Mall would have to violate the mediation rules to provide this Court with further information on mediation, so of course there is no evidence of the same in the record. But the record is clear Plaintiff's heavy-handed monetary demand of $600,000.00 did not change from the beginning of this case to the end. *Compare* Dkt. 1 (Complaint) and Dkt. 62 (Plaintiff's Motion for Partial Summary Judgment).

> **8.** **"There is no real discussion of the fourth <u>Fogerty</u> factor [the need in particular circumstances to advance considerations of compensation and deterrence] in the [R&R]." – p. 17**

"Considerations of compensation and deterrence" were discussed at pages 1, 5, 6, 9, and 13 of the R&R. As the Magistrate Judge expressly found:

> [A] court may order fee-shifting . . . to deter . . . overaggressive assertions of copyright claims, . . . even if the losing position was reasonable in a particular case.

R&R at 6 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016) (quotations omitted), and:

> [A]warding [Sports Mall] an attorney's fee will further the purposes of the Copyright Act by encouraging plaintiffs to assess standing prior to filing suit and by deterring plaintiffs who lack standing from proceeding with litigation.

R&R at 13.

> **9.** **"Under the Magistrate's view, *any* plaintiff or defendant that ultimately loses a case – notwithstanding its good faith**

12

> **belief in its positions – somehow prolongs the case and should be assessed the other party's fees." pp. 18-19**

Plaintiff cites to no place in the R&R where the Magistrate Judge made such a finding, and there is no support cited for this criticism of the Magistrate Judge.

> **10. "Nothing in the Court's Final Judgment precludes Plaintiff and Mr. Evers from revising their existing agreements to convey the copyrights to Plaintiff (therefore allowing Plaintiff to sue for the same claims) or otherwise stops Mr. Evers from suing for the infringement (indeed he has already done such) – there has been no substantive holding as to non-infringement here." – p. 20**

This statement is not factually incorrect, although Sports Mall notes there has likewise also been no substantive holding as to infringement either.[4] Indeed, Mr. Evers has now commenced his own lawsuit, which is now pending before this Court.[5] But that is a different case, and has nothing to do with whether Plaintiff brought his own lawsuit against Sports Mall without standing, which he aggressively pressed until this Court dismissed the same, with prejudice, on summary judgment. Even if Sports Mall wins in Mr. Evers' lawsuit, it cannot in that lawsuit recover the fees incurred to successfully defend this lawsuit. Here, though, this Court found Plaintiff had no standing, and the Magistrate Judge found

---

[4] Plaintiff refers to Sports Mall as a "willful infringer who escaped liability in this action on a technical defense." Objections at 2. This Court has made no finding Sports Mall is an infringer, much less a willful infringer, or liable for anything. Yet another example of Plaintiff's sharp rhetoric and aggressive litigation.

[5] *Evers v. The Sports Mall, LLC d/b/a SportsCollectibles.com and Davis & Darnell Computer Services LLC d/b/a Nittany We Works*, Middle District of Florida Case No. 8:24-cv-01341-KKM-LSG.

it unreasonable for Plaintiff to have taken the position he did. There is no reason given for this Court to reject the Magistrate Judge's finding.

### 11. "That Defendant escaped liability on a technicality in its *4th lawsuit* for copyright infringement – based on its *same* business practices – does not strongly militate in favor of an award of fees." – p. 20

As stated at the outset, the other cases in which Sports Mall has been involved are not only different on their facts, inaccurately characterized, and irrelevant here,[6] but they do not excuse Plaintiff from filing and aggressively litigating through summary judgment a case where the "plain" and "straightforward" language of the documents upon which he claims rights reveals he has no standing. This Court does not need to study, analyze, engage in *de novo* review of, or defer to judges in other cases to scrutinize Plaintiff's conduct here. The fact is Plaintiff dragged Sports Mall through nearly two years of litigation, seeking $600,000 in statutory damages, plus interest, attorney's fees, costs, and an injunction, and it turned out Plaintiff had no right to bring this lawsuit in the first place. Regardless of what other courts have said, standing is not a "technicality." It is a constitutional requirement, and a threshold issue in every case. And Plaintiff never had standing to pursue this case against Sports Mall.

## Conclusion

This Court found there was no genuine dispute of material fact that the plain language of Plaintiff's agreement with Mr. Evers granted him no exclusive rights

---

[6] For the same reason Sports Mall has not argued anything here about the myriad other copyright infringement cases in which Plaintiff and his counsel have been involved.

under the copyrights in the works at issue, and thus no standing to assert a claim of copyright infringement.  The Magistrate Judge agreed the language was straightforward, found Plaintiff's position on standing unreasonable, and recommended this Court award Sports Mall its attorney's fees.  For Plaintiff to now suggest his belief he had standing was reasonable on these facts amounts to nothing more than an argument this Court erred on summary judgment.  This Court has already held there is no genuine dispute, and the time to request reconsideration is long passed.  The Magistrate Judge reached the only logical conclusion – Plaintiff's position on standing was unreasonable.  The Magistrate Judge further found other indicia of ill motivation and frivolity, and recognized Sports Mall not only needs to be compensated, but Plaintiff needs to be deterred from bringing future similar lawsuits with no standing.

The Eleventh Circuit has underscored that "a showing of bad faith or frivolity is not a requirement of a grant of fees. Rather, the only preconditions to an award of fees [are] that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999) (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982)).  The Magistrate Judge found Sports Mall was the prevailing party, dutifully applied the *Fogerty* factors prescribed by the Supreme Court, and recommended an award of attorney's fees to Sports Mall.  There is no clear error in the Magistrate Judge's thorough R&R.  Even if this Court were to excuse Plaintiff's failure to pinpoint the specific findings by the Magistrate

15

Judge with which he disagrees, there is no flaw in the Magistrate Judge's analysis even on *de novo* review. Plaintiff simply dislikes the Magistrate Judge's recommendation. Sports Mall respectfully requests that this Court overrule Plaintiff's Objections and adopt and approve the Magistrate Judge's R&R.

Dated: November 22, 2024                    Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@shumaker.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Defendant, The Sports Mall, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ J. Todd Timmerman
Attorney