UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 8:22-cv-1433-KKM-NHA

THE SPORTS MALL, LLC,
d/b/a SPORTSCOLLECTIBLES.COM,

    Defendant.
_____

## ORDER

The United States Magistrate Judge recommends granting The Sports Mall, LLC's motion for a determination that it is entitled to an attorney's fee award. R&R (Doc. 79). Eclipse Sportswire objects and Sports Mall responds. (Docs. 80, 81). Considering the record, I overrule Eclipse's objections and adopt the Report and Recommendation.

I.    BACKGROUND

Eclipse is a company that provides "editorial photographic coverage for sporting events all over the world with a focus on horse racing, equestrian events, and golf." Am. Compl. (Doc. 25) ¶ 6. Eclipse represents a photographer named Alex Evers. *Id.* ¶ 8. An agreement between Eclipse and Evers memorializes Evers's decision to appoint Eclipse "a perpetual non-exclusive worldwide wire service representation with respect to the

commercial sale [and] licensing of photographic images . . . which are submitted [by Evers] and accepted by [Eclipse]." Photographer's Agreement (Doc. 69-1) § 1.1. A subsequent amendment to this agreement states:

> [Evers] herein agrees to jointly hold the copyright of submitted images with [Eclipse] and its agents. This jointly held copyright interest specifically allows [Eclipse] the right to unilaterally pursue any and all violations of copyright including the decision to accept a settlement offer or to pursue litigation. This jointly held copyright interest expressly allows to [Evers] a right to grant limited licenses for use or sale of images without the express consent of [Eclipse], such that the licensed use or sale is not in competition with the ongoing business of [Eclipse]. Outside of issues regarding to violations of copyright, [Evers] is not surrendering any ownership rights relative to submitted images.

Agreement Amendment (Doc. 60-2) § 1.3.

At issue in this action were four of Evers's photographs, referred to as "the Work," "all of which he registered with the Register of Copyrights and none of which he took while employed by Eclipse." Summ. J. Order (SJO) (Doc. 71) at 3. Eclipse provided the Work to other entities for redistribution. *Id.*

Sports Mall, "an online store that sells authentic sports memorabilia and sport collectibles," Joint Statement of Material Facts (JSOF) (Doc. 60) ¶ 27, "offered for sale autographed posters and giclée prints that allegedly depicted the Work," SJO at 3. As a result, Eclipse sued Sports Mall, asserting a single count of copyright infringement. Am. Compl. ¶¶ 38–53.

Both parties moved for summary judgment. Def.'s Mot. for Summ. J. (Def.'s MSJ) (Doc. 61); Pl.'s Mot. for Summ. J. (Pl.'s MSJ) (Doc. 62). Among other things, Sports Mall argued that Eclipse lacked standing under the Copyright Act to assert a cause of action for copyright infringement. Def.'s MSJ at 2, 7–12. I granted Sports Mall's motion for summary judgment and dismissed the action with prejudice. SJO at 18. A plaintiff must hold "an exclusive right" to have standing to sue for infringement under the Copyright Act, 17 U.S.C. § 501(b), and Eclipse's agreement with Evers did not transfer "an exclusive copyright interest in the Work" to Eclipse, SJO at 12. That the agreement assigned Eclipse the right to sue for copyright infringement "was not sufficient to vest Eclipse with a right under the Copyright Act because it was unaccompanied by a transfer of an exclusive copyright right under § 106." *Id.*

After judgment was entered in its favor, Sports Mall moved for attorney's fees. (Doc. 74). The Magistrate Judge recommends granting the motion. *See* R&R. The Magistrate Judge concluded that Sports Mall is the prevailing party and determined that Eclipse's position "in bringing this action was not reasonable." *Id.* at 7–13. The Magistrate Judge reasoned that awarding Sports Mall "an attorney's fee will further the purposes of the Copyright Act by encouraging plaintiffs to assess standing prior to filing suit and by deterring plaintiffs who lack standing from proceeding with litigation." *Id.* at 13; *see also id.* at 14 ("Awarding an attorney's fee to [Sports Mall] will encourage plaintiff[s] to

3

promptly address meritorious standing issues when raised and will encourage defendants to enforce standing requirements, rather than to seek settlement, even when the cost of litigating them is substantial."); *id.* at 14 n.4 ("[D]enying a fee might encourage plaintiffs without standing to sue, to impose costs from defendants or to try to force them to pay settlement fees. This would be an improper use of the court system and a drain on the court's resources. On the other hand, if forced to risk paying a defendant's attorney's fee, future plaintiffs will scrutinize their standing before bringing suit.").

The Magistrate Judge also cited "other considerations, including the factors approved by *Fogerty* [*v. Fantasy, Inc.*, 510 U.S. 517 (1994)]," such as "motivation and frivolity," in coming to its recommendation. *Id.* at 13–14. The Magistrate Judge noted that "[Eclipse]—who took a factually unreasonable position on standing—demanded $600,000, the maximum statutory damages available under the Copyright Act, for the alleged infringement of four photographs which it licenses for $2,000 to $4,000," and then "prolonged the litigation for more than a year." *Id.* (citation omitted).

For these reasons, the Magistrate Judge recommends concluding that Sports Mall is entitled to an award of attorney's fees. Eclipse objects. (Doc. 80).

## II. LEGAL STANDARD

### A. Attorney's Fees under 17 U.S.C. § 505

Under the Copyright Act, a district court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "Prevailing party" is a "legal term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). A defendant is the prevailing party when "some judicial action reject[s] or rebuff[s] a plaintiff's claim." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1364 (11th Cir. 2024).

In determining whether to award fees to a prevailing party, a court must engage in a "particularized, case-by-case assessment," *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016), and may consider "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner," *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). The Supreme Court has emphasized that the "objective reasonableness" of the losing party's position on the merits is "an important factor in assessing fee applications," while also reminding district courts that they "must view all the

circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Kirtsaeng*, 579 U.S. at 208–09.

### B. Reviewing a Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## III. ANALYSIS

Eclipse first challenges the Magistrate Judge's conclusion that Eclipse's position on standing was unreasonable. Objs. at 3–6. Eclipse then turns to the Magistrate Judge's consideration of the *Fogerty* factors. Eclipse argues that: (1) its claim was not frivolous; (2) it did not have "improper motivation" in bringing the suit; and (3) the Copyright Act's purposes are not furthered by an award of attorney's fees. *Id.* at 7–18. Eclipse concludes by

6

arguing that an award of attorney's fees is not justified in the light of the fact that Sports Mall prevailed on a "technical" defense. *Id.* at 19–20.

### A. Reasonableness of Eclipse's Standing Argument

Eclipse argues that it believed in good faith that it had statutory standing based on the language of the amendment to its agreement with Evers—which provides that Evers agrees to "jointly hold the copyright of submitted images" with Eclipse—and language of the original agreement, which Eclipse believed conveyed exclusive licensing rights with respect to photographs created under the agreement. Objs at 3–5. As the order granting summary judgment explained, the plain language of the Photographer's Agreement and the Agreement Amendment belies Eclipse's arguments. SJO at 10–18. Therefore, I agree with the Magistrate Judge that, in the light of the Copyright Act's "settled interpretation regarding its prerequisites to standing" and the "straightforward language" of the Agreement and Amendment, Eclipse's "position in bringing this action was not reasonable." R&R at 13.

### B. Other *Fogerty* Factors

Eclipse next objects to the Magistrate Judge's consideration of the other *Fogerty* factors—frivolousness, motivation, and the need to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534 n.19.

7

Eclipse argues at length that its positions on the merits and statutory damages were not frivolous. Objs. at 7–14. Even if Eclipse is right, these arguments do not undermine the Magistrate Judge's conclusion that Eclipse "took a factually unreasonable position on standing." R&R at 13. Without statutory standing, a plaintiff cannot prevail even with the strongest merits case.

Eclipse argues that there is no record evidence demonstrating an improper motivation. The Magistrate Judge did not find, for example, that Eclipse "took inconsistent positions, engaged in discovery misconduct, . . . otherwise did anything in this lawsuit other than pursue its claims," or made "outlandish demands." Objs. at 15. Instead, the Magistrate Judge pointed to the fact that Eclipse "demanded $600,000, the maximum statutory damages available under the Copyright Act, for the alleged infringement of four photographs which it licenses for $2,000 to $4,000" and "then prolonged the litigation for more than a year, requiring [Sports Mall] to expend fees to defend itself, including on the merits of the case, through summary judgment." R&R at 13–14.

Eclipse is correct that the Magistrate Judge did not enumerate any improper "litigation conduct" in the Report and Recommendation. Objs. at 15. At the same time, Eclipse fails to explain why its request for statutory damages is irrelevant to the analysis as to motivation, especially in the light of cases suggesting that statutory damages "should bear some relationship to the actual damages suffered" and "are not intended to provide a

8

plaintiff with a windfall recovery." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008) (quoting *Peer Int'l Corp. v. Luna Recs., Inc.*, 887 F. Supp. 560, 568–69 (S.D.N.Y. 1995) (Sotomayor, J.)). In any case, even if Eclipse's statutory damages request may have been justified, motivation is only one factor to consider and a finding of "bad faith" is not a "precondition to the award of fees." *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987); *see also MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) ("[T]he magistrate judge was correct in noting that MiTek's good faith in bringing its suit was not determinative of the issue of attorney's fees."). Eclipse has not shown that the Magistrate Judge failed to properly balance the *Fogerty* factors.

As for considerations of compensation and deterrence, Eclipse argues that awarding attorney's fees will encourage Sports Mall to "continue in its infringing conduct" and "discourage other copyright holders from presenting legitimate claims against" Sports Mall. Objs. at 17–18.

I disagree. An award in this case will help in encouraging "useful copyright litigation" by prompting plaintiffs to scrutinize their statutory standing before bringing an action. *Kirtsaeng*, 579 U.S. at 205; *see Dawes-Ordonez v. Forman*, 418 F. App'x 819, 821 (11th Cir. 2011) (per curiam) ("The purposes of the copyright laws are served only when parties 'litigate meritorious' arguments." (quoting *Fogerty*, 510 U.S. at 527)). In other

9

words, imposing attorney's fees in this case will "encourag[e] the raising of objectively reasonable claims and defenses," which will benefit copyright law by clarifying doctrinal boundaries. *MiTek Holdings*, 198 F.3d at 842–43.

Contrary to Eclipse's assertions, awarding fees in this case will therefore not discourage copyright holders with statutory standing from pursuing legitimate infringement claims against Sports Mall. Indeed, Evers pursued an infringement action against Sports Mall. *See* 8:24-cv-1341-KKM-LSG. For these reasons, I therefore agree with the Magistrate Judge that awarding fees will serve interests of compensation and deterrence. *See* R&R at 14 & n.4.

In sum, after considering the circumstances of this case and the relevant factors, I agree with the Magistrate Judge that an award of attorney's fees is merited.

### C. Level of Success

Eclipse's final objection is that an award of attorney's fees is not warranted because "there has been no substantive holding as to non-infringement here." Objs. at 19–20. In the light of the above analysis, I am not convinced. "[T]echnical" or not, *id.* at 20, the statutory standing defense in this case was objectively reasonable and an award of attorney's fees encourages defendants to raise similar defenses in future cases, *see MiTek Holdings*, 198 F.3d at 842–43.

## IV. CONCLUSION

Accordingly, the following is **ORDERED**:

1. The Plaintiff's Objections (Doc. 80) are **OVERRULED**. The Magistrate Judge's Report and Recommendation (Doc. 79) is **ADOPTED** and made part of this order for all purposes.

2. The Defendant's Motion for Attorney's Fees (Doc. 74) is **GRANTED**.

3. In accordance with Local Rule 7.01(c), the defendant must file a supplemental motion regarding the amount to which it is entitled.

**ORDERED** in Tampa, Florida, on January 30, 2025.

Kathryn Kimball Mizelle
United States District Judge