**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ECLIPSE SPORTSWIRE,**

**Plaintiff,**

**v.** **Case No.: 8:22-cv-01433-KKM-NHA**

**THE SPORTS MALL, LLC d/b/a SPORTSCOLLECTIBLES.COM,**

**Defendant.**
**_____________________________/**

**DEFENDANT THE SPORTS MALL, LLC'S SUPPLEMENTAL MOTION REGARDING AMOUNT OF ATTORNEY'S FEES TO WHICH IT IS ENTITLED**

Defendant, The Sports Mall, LLC ("***Sports Mall***"), by and through its undersigned counsel and pursuant to Local Rule 7.01 and this Court's Order dated January 30, 2025 (Dkt. 82) ("***Fee Order***"), files this Supplemental Motion Regarding Amount of Attorney's Fees to which it is Entitled from Plaintiff, Scott Serio d/b/a Eclipse Sportswire ("***Plaintiff***"). In support, Sports Mall states as follows:

**1. Meet-and-Confer Efforts.**

Subsequent to issuance of this Court's Fee Order, Sports Mall provided Plaintiff's counsel with a chart of all of Sports Mall's counsel's time entries and amounts billed in this case through issuance of the Fee Order, and requested a time to meet and confer regarding the same as required by Local Rules 3.01(g) and 7.01.

Plaintiff's counsel subsequently requested copies of Sports Mall's actual invoices, which Sports Mall provided, and counsel spoke by phone regarding this matter on February 11, 2025. Subsequently, on February 19, 2025, Sports Mall provided Plaintiff's counsel with a draft of the fee affidavit attached to this Motion as **Exhibit 1** (the "***Timmerman Declaration***"), and requested Plaintiff's position on hourly rates, specific time entries, and the requested fee amount as a whole. Plaintiff instructed his counsel not to agree to anything, and would not provide any specific reasons for his disagreement. *See* **Exhibit 2** attached hereto. Sports Mall now files this Supplemental Motion.

**2. Resolved and Unresolved Issues.**

The issues of the reasonableness of Sport's Mall's counsel's hourly rates, specific time entries, and the requested fee amount as a whole remain unresolved.

**3. Memorandum of Law on Disputed Issues.**

Sports Mall respectfully requests that this Court award it attorney's fees in the amount of **<u>$135,222.32</u>**. The bases for this amount are set forth in this Supplemental Motion and attached Declaration of J. Todd Timmerman, lead counsel in this case.

The Copyright Act permits "the recovery of full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. To determine reasonable fees under Section 505, courts use the "lodestar" method. *See Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 1:18-cv-23443-DPG, 2022 WL 17583608, at *8 (S.D. Fla. Aug. 4, 2022). To ascertain what

constitutes a reasonable fee, courts determine a reasonable hourly rate for each of the lawyers who worked on the case and a reasonable number of hours expended by each lawyer on the case, and then multiply those figures to arrive at a "lodestar." *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Once the lodestar is calculated, there is a "strong presumption" that it fairly represents "the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). Nonetheless, the lodestar figure "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"Most, if not all of the factors used to determine a reasonable fee are already subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1083 & n. 17 (11th Cir. 2019) (citing *Perdue*, 559 U.S. at 553, and referring to the twelve factors historically considered and identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).[1] Sports Mall therefore does not address each of the

---

[1] Courts may also take into account the factors articulated in *Johnson* in the "rare . . . [instance] where they are not fully captured in the lodestar" figure. *In re Home Depot Inc.*, 931 F.3d at 1090-91. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to taking on the matter; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results achieved; (9) the experience, reputation, and ability of the lawyers; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar actions. *Johnson*, 488 F.2d at 717-19. As the Eleventh Circuit

*Johnson* factors individually, but will discuss specifically factors (2), (3), (8), and (12) below.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001 (quoting *Hensley*, 461 U.S. at 436). Accordingly, the question of what amounts to a reasonable fee is left to a court's sound discretion. *Norman*, 836 F.2d at 1304.

**4. Information for any Disputed Rate or Hour.**

The aggregate rates, hours, and amounts billed for all timekeepers in this case through the date the Fee Order issued are as follows:

| **Timekeeper** | **Hourly Rate** | **Hours Worked at Rate** | **Amount Billed**[2] |
|---|---|---|---|
| **J. Todd Timmerman** | $525 | 24.3 | $12,757.50 |
| | $550 | 167.2 | $82,360.00 |

emphasized in *In re Home Depot*, however, these factors are "almost always subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d at 1091.

[2] The "Amount Billed" in some cases includes a reduction for an across-the-board "Goodwill Discount" to the client (the benefit of which Plaintiff also receives), so in some instances the amount billed is less than the hourly rate multiplied by the hours worked at that rate. These "Goodwill Discounts" are shown in the invoices attached to the Timmerman Declaration.

| | | | |
|---|---|---|---|
| | $600 | 24 | $14,400.00 |
| | $630 | 1.7 | $1,071.00 |
| **Mindi M. Richter** | $460 | .4 | $184.00 |
| | $480 | 2.7 | $1,257.43 |
| | $500 | 1.7 | $850.00 |
| **Steven M. Berman** | $725 | .3 | $217.50 |
| **Samantha Regala** | $300 | 13.7 | $4,110.00 |
| | $310 | 10.4 | $3,224.00 |
| **Kathy A. Holmer** | $280 | .3 | $63.05 |
| **Jamie L. Furst** | $270 | 1.1 | $237.34 |
| **Jennifer Eisenberg Fabian** | $0 | .7 | $0.00 |
| **Totals** | | | $120,731.82 |

Subsequent to issuance of the Fee Order, Sports Mall's incurred additional fees preparing this Motion. Sports Mall seeks reimbursement of these fees as well, given time spent preparing a fee motion (including a motion regarding amount) is

appropriately awarded under the Copyright Act. *See Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-cv-61376-BLOOM/VALLE, 2015 WL 11570970, at *7-8 (S.D. Fla. Jul. 22, 2015) (collecting cases holding the same based on non-copyright Eleventh Circuit cases awarding fees for fees, district courts awarding fees for fees in copyright cases, and considering the purposes of the Copyright Act). The aggregate rates, hours, and amounts charged by all timekeepers in this case after the date the Fee Order issued are as follows:

| **Timekeeper** | **Hourly Rate** | **Hours Worked at Rate** | **Amount Billed**[3] |
|---|---|---|---|
| **J. Todd Timmerman** | $630 | 18.8 | $11,844.00 |
| **Samantha Regala** | $335 | 7.9 | $2,646.50 |
| **Totals** | | | $14,490.50 |

**a. The timekeepers' identity, experience, and qualification.**

The primary timekeepers in this case were a partner, J. Todd Timmerman, and an associate, Samantha Regala.

[3] The "Amount Billed" in some cases includes a reduction for an across-the-board "Goodwill Discount" to the client (the benefit of which Plaintiff also receives), so in some instances the amount billed is less than the hourly rate multiplied by the hours worked at that rate. These "Goodwill Discounts" are shown in the invoices attached to the Timmerman Declaration.

J. Todd Timmerman is a graduate of Dartmouth College and the University of Florida Levin College of Law. He has been admitted to practice law in the State of Florida since 1992, and is admitted to practice in the United States District Courts for the Middle and Southern Districts of Florida, Northern District of Illinois, and Eastern District of Michigan, and the United States Courts of Appeals for the Ninth, Tenth, Eleventh, and Federal Circuits. Mr. Timmerman has been a partner with Shumaker, Loop & Kendrick, LLP ("***Shumaker***") since 2000, founded the firm's Intellectual Property Law practice group, and headed up the group for more than 20 years. He is certified as an Intellectual Property Law Specialist by the Florida Bar Board of Legal Specialization and Education. Certification is the highest level of recognition by The Florida Bar of the competency and experience of attorneys in the area of Intellectual Property Law. He has been recognized by World Trademark Review's WTR1000 as one of the top trademark practitioners in the world, Best Lawyers, Florida Super Lawyers, Florida Legal Elite, and was named by Best Lawyers as "Tampa Lawyer of the Year in Intellectual Property Litigation" in 2017 and "Tampa Lawyer of the Year in Patent Litigation" in 2019 and 2023. Mr. Timmerman served on Shumaker's national Management Committee for six years, including as Vice Chair of the Committee and Tampa Office Managing Partner. Mr. Timmerman was the lead attorney in this case. *See* Timmerman Declaration at ¶ 10.a, Exh. B.

Samantha Regala is a graduate of Rhodes College and the Stetson University College of Law. She has been admitted to practice in the State of Florida since

2021, and is admitted to practice in the United States District Court for the Middle District of Florida and the United States Patent Office. Ms. Regala is an associate with Shumaker. *See* Timmerman Declaration at ¶ 10.d, Exh. B.

The other attorneys and paralegals that assisted in the case, Mindi M. Richter, Steven M. Berman, Kathy A. Holmer, Jamie L. Furst, and Jennifer Eisenberg Fabian, contributed an aggregate total of 7.2 hours, working on discrete tasks. Information on their experience and qualifications is included in the Timmerman Declaration. *See* Timmerman Declaration at ¶¶ 10.b. and c. and 11, Exh. B.

**b. The timekeepers' requested hours, and each task undertaken by the timekeeper during those hours.**

The timekeepers' hours were billed in 6-minute increments, consistent with industry practice. The total hours billed, for which a fee award is requested, are reflected in the invoices attached to the Timmerman Declaration. The specific work undertaken during those hours is also reflected in the invoices attached to the Timmerman Declaration.

"Fee applicants are required to exercise 'billing judgment'" in tabulating the number of hours they claim were reasonably devoted to a case. *Maciejczyk v. You Fit, Inc.*, No. 8:12-cv-1462-T-27MAP, 2013 WL 7186419, at *2 (M.D. Fla. Dec. 12, 2013) (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). This means "they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours], … which are hours 'that would be unreasonable to

bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).

During the course of this case, as each month's bills were reviewed, Sports Mall's counsel wrote off or wrote down time on the case and provided goodwill discounts to Sports Mall totaling $21,034.00. *See* Timmerman Declaration at ¶ 8. Sports Mall is not seeking to recover such amounts from Plaintiff, and so Plaintiff is receiving the benefit of such write offs/downs and discounts.

Insofar as the hours for which a fee award is requested go, all such hours are for compensable tasks. In other words, the work reflected in the spreadsheet and invoices attached to the Timmerman Declaration does not reflect a combination of compensable and noncompensable tasks. And while there may be some block billing in the bill narratives, the same do not combine compensable and noncompensable tasks and so should be awarded in full, particularly in light of the results achieved and where the total amount requested is less than the national average for fees incurred through summary judgment in similar cases, as discussed below.

**c. The timekeepers' requested rates.**

Mr. Timmerman's hourly rate in this matter ranged from $525 to $630. Ms. Richter's hourly rate ranged from $460 to $500. Mr. Berman's hourly rate was $725. Ms. Regala's hourly rate ranged from $300 to $335. Ms. Holmer's hourly rate was $280. Ms. Furst's hourly rate was $270. Ms. Fabian's hourly rate was $0.

**d. Lead counsel's verification.**

The undersigned hereby certifies that the lawyers and other professionals involved charge the rates requested. The undersigned hereby further certifies that he has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable. During the course of this engagement, charges were reviewed and adjusted on a monthly basis, resulting in write offs/downs and goodwill discounts totaling **$21,034.00**. The requested fees are net of such write-offs/downs and discounts.

**e. Evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation.**

"A reasonable hourly rate is determined based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). The Eleventh Circuit "has recognized that a movant may meet his burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *Norman*, 836 F.2d at 1299. In rendering this assessment, a court is not tethered to the parties' submissions. Instead, because a court "is itself an expert on the question [of reasonable hourly rates, it] may consider its own knowledge and experience concerning reasonable and proper fees and may form

an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

Courts look to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The relevant legal market here is Tampa, Florida.

Here, the Timmerman Declaration asserts that the rates charged were Shumaker's actual rates in Tampa, Florida at the time they were charged, and opines, based on background, investigation, and experience detailed in the Timmerman Declaration, that the hourly rates charged by Shumaker are reasonable given the level of experience for the timekeepers involved, the current Tampa market, and the requisite skill involved in the defense of a complex copyright infringement case. *See* Timmerman Declaration at ¶¶ 12-18.

The AIPLA Survey shows that ***in 2022*** the ***average*** billing rate for an Intellectual Property Law partner in a Metro Southeast firm was $557. *See* Timmerman Declaration, Exhibit C.

And courts in the Middle District of Florida have found hourly rates in the range of those requested to be reasonable. *See*, *e.g. First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-AS, 2021 WL 2856626, at *2-3 (M.D. Fla. Jul. 9, 2021) (partner rates ranging from $650.75-705.00 and associate rates ranging

from $375.25-456.00 found reasonable); *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-00265-KKM-AAS, 2022 WL 2373839, at *3-4 (M.D. Fla. Jun. 14, 2022) (partner rates ranging from $425.00-$600.00 found reasonable); *RedBox+ Int'l, LLC v. Waste Mgmt. Sols., Inc.*, No. 8:23-cv-393-CEH-SPF, 2023 WL 8438571, at *10-11 (M.D. Fla. Oct. 5, 2023) (finding rate of $565.00 for a 30-year attorney and $425.00 for a 15-year attorney reasonable); *Am. Airlines, Inc. v. In Charge Mktg., Inc.*, No. 2:10-cv-467-FtM-29SPC, 2011 WL 13294632, at *3 (M.D. Fla. Mar. 21, 2011) (finding rate of $565.00 reasonable); *Global Glass Techs, Inc. v. Research Frontiers, Inc.*, No. 8:20-cv-2517-MSS-AEP, 2024 WL 4604163, at *5-6 (M.D. Fla. Aug. 15, 2024) (finding $550.00 partner rate, $375.00 associate rate, and $160.00 paralegal rate appropriate, noting the case was "a simpler dispute over the frivolity of the patent infringement claims and not an exhaustive processing of underlying intellectual property legal theories").[4]

Based on the direct and opinion evidence regarding hourly rates charged in Tampa, Florida, the rates requested by Sports Mall are reasonable, and Sports Mall respectfully requests they be accepted by this Court.

---

[4] Recent Middle District of Florida Tampa Division copyright cases located by Sports Mall where fees have been awarded all seem to be cases where default judgments have been entered, perhaps justifying a lower rate than a contested case such as this one. *See, e.g. Morris Edwin H & Co., Inc. v. Treble Makers of Wesley Chapel, Inc.*, No. 8:24-cv-579-MSS-CPT, 2024 WL 5361182, at *3-4 (M.D. Fla. Dec. 27, 2024) (reducing partner rate from $630.00 to $500.00 "especially since this lawsuit 'was not overly complicated and the merits went uncontested,'" but approving an associate rate of $427.50).

### 5. Other *Johnson* Factors.

#### a. The novelty and difficulty of the questions presented, and the skill required to perform the legal services properly.

This case speaks for itself in terms of its novelty and difficulty. Plaintiff initially sued Sports Mall for copyright infringement, alleging violation of the copyrights in two separate works, and Sports Mall defended. Midway through the case Plaintiff amended over Sports Mall's objection to allege violation of the copyrights in two additional works, effectively doubling the scope of the litigation, and Sports Mall continued to defend. Extensive discovery was involved, including interrogatories, requests for production, requests for admission, and multiple depositions of the parties and non-parties. Both parties moved for summary judgment, so Sports Mall not only pursued its own motion, but at the same time defended an aggressive request for summary judgment by Plaintiff, replete with *ad hominem* attacks. Sports Mall's motion was based on multiple, complex legal grounds, including standing, fair use, and an issue unresolved in the Eleventh Circuit – whether in-line linking and framing of a photograph is an infringing display of the photograph.

Ultimately this Court ruled in favor of Sports Mall, against Plaintiff, and dismissed Plaintiff's claims, with prejudice.[5] This was a difficult, hotly-contested

---

[5] Subsequently, Plaintiff's licensor filed an identical claim against Sports Mall given Plaintiff's lack of standing. *See Evers v. The Sports Mall, LLC*, Middle District of Florida Case No. 8:24-cv-01341-KKM-LSG. That case was dismissed, with prejudice, with all parties bearing their own attorneys' fees and costs in that case, on January 8. 2025. There will no further litigation over these claims.

case, which took significant effort and skill to defend, and it was defended successfully. This was not a victory by default like so many other copyright cases. It was a litigated victory over the course of several years, and the court filings and results achieved demonstrate just how difficult the victory was.

**b. The amount involved and the results achieved.**

Plaintiff sought $600,000.00 in statutory damages, plus interest, attorney's fees, costs, and an injunction. Sports Mall achieved complete and total success on the merits as Plaintiff's suit was dismissed on summary judgment, with prejudice, and Sports Mall was then awarded an entitlement to fees. This was not an insignificant case. A $600,000.00+ judgment would have likely shuttered Sports Mall. The result, an unqualified win, could not have been more complete.

**c. Awards in similar actions.**

The AIPLA Report of the Economic Survey is a biennial publication by the American Intellectual Property Law Association (AIPLA) that provides a detailed analysis of the professional characteristics and economic aspects of intellectual property law practice, including typical billing rates, fees for various intellectual property legal services, and firm characteristics, often used as a benchmark by the intellectual property legal community; essentially, it is a comprehensive snapshot of the financial landscape within the intellectual property legal field.

The AIPLA Survey shows that the average cost for a client in a copyright infringement case with less than $1 million at stake, through summary judgment, is $136,000.00. For firms with 60 or more attorneys, such as Shumaker, the average

is $325,000.00. The fees incurred and requested in this case, are well below such averages, indicating the **$135,222.32** in fees requested is reasonable for the successful defense in this case. Sports Mall respectfully requests that this Court award such fees without reduction.

**6. Taxable Costs.**

Finally, Sports Mall advises this Court that at the time it moved for an order finding it entitled to fees, it also filed a Bill of Costs (Dkt. 75) seeking to recover $1,678.90 in taxable costs. No action has yet been taken on Sports Mall's Bill of Costs. Sports Mall respectfully requests that this Court award it such costs.

**7. Conclusion.**

The requested rates, hours, and costs are reasonable and well-supported by competent direct and opinion evidence. Sports Mall notes that it is unable to respond to any objections Plaintiff may make given Plaintiff's refusal to articulate such objections. Accordingly, Sports Mall may seek to reply in support of its fee claim after receipt and review of Plaintiff's response to this Motion. Sports Mall respectfully requests that this Court grant the relief requested in this Motion and award the requested attorney's fees and costs.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 3.01(g) AND 7.01**

I HEREBY CERTIFY that I have conferred with counsel for Plaintiff by telephone and email in a good faith effort to resolve the issues raised by this Motion, and the parties have been unable to agree on the resolution of this Motion.

Dated: February 27, 2025

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@shumaker.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Defendant, The Sports Mall, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ J. Todd Timmerman
Attorney