IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:22-cv-01433-KKM-MRM

ECLIPSE SPORTSWIRE,

    Plaintiff,

v.

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM

    Defendant.

---

## **MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Daniel DeSouza, Esq., James D'Loughy, Esq.,[1] and Lauren Hausman, Esq. ("Movants") of CopyCat Legal PLLC move this Court for entry of an Order granting Movants leave to withdraw as attorney for plaintiff Eclipse Sportswire ("Plaintiff") and, in support, states:

1. Movants currently represent Plaintiff. Mr. DeSouza and Mr. D'Loughy entered their appearances on June 23, 2022, when the Complaint was filed [D.E. 1]. Ms. Hausman entered her appearance on October 25, 2023. See D.E. 48.

---

[1] On December 5, 2023, Mr. D'Loughy filed a Notice of Withdrawal as Counsel of Record [D.E. 65], noting that he had resigned from the law firm of CopyCat Legal PLLC and requesting withdrawal as counsel for Plaintiff. It does not appear the Court or the Clerk formally approved that withdrawal and therefore request is likewise made here on behalf of Mr. D'Loughy.

2. On March 14, 2024, the Court entered an Order granting The Sports Mall, LLC's ("Defendant") motion for summary judgment. See D.E. 71.

3. On March 27, 2024, Defendant filed a motion for attorney fees. See D.E. 74.

4. Plaintiff filed a response in opposition to Defendant's motion for fees. See D.E. 77.

5. On November 7, 2024, the Court entered its report and recommendation that Defendant was entitled to the award of attorney's fees and its motion be granted. See D.E. 79.

6. Plaintiff files its objection to the Court's report and recommendation. See D.E. 80.

7. Defendant filed its response to Plaintiff's objections on November 22, 2024. See D.E. 81.

8. On January 30, 2025, the Court entered an Order overruling Plaintiff's objections to the report and recommendation. See D.E. 82.

9. On February 27, 2025, Defendant files its supplemental motion regarding the amount of attorney's fees to which it is entitled to. See D.E. 83.

10. On March 13, 2025, Plaintiff files its memorandum in opposition to Defendant's motion for attorney fees. See D.E. 84.

11. Irreconcilable differences have arisen between Plaintiff and Movants which preclude Movants from continuing to represent Plaintiff in this action.

12. Withdrawal from this matter should be permitted because, pursuant to Florida Rule of Professional Conduct 4-1.16(b)(1), withdrawal can be accomplished without material adverse effect on the interests of the client, as the only remaining matter in this case (setting the amount of fees to be awarded to Defendant) has been fully briefed.

13. Withdrawal should further be permitted because, pursuant to Florida Rule of Professional Conduct 4-1.16(b)(5), other good cause for withdrawal exists.

14. On March 13, 2025 (*after* undersigned counsel had e-mailed a copy of the fee opposition memorandum to Plaintiff), Plaintiff sent an e-mail to undersigned counsel accusing CopyCat Legal PLLC of malpractice and "drop[ping] the ball." That e-mail requested that undersigned counsel simply "accept[] and admit[]" liability so that undersigned counsel's insurer would pay any proffered claim. The e-mail further threatened to file a "lawsuit and bar complaint" if undersigned counsel did not cooperate as requested.

15. Plaintiff and undersigned counsel exchanged a series of further e-mails on the subject, with undersigned counsel disputing any alleged malpractice and expressing disappointment that Plaintiff waited months to raise such assertions all while seeking additional legal advice from undersigned counsel, directing

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

undersigned counsel to make certain settlement overtures to Defendant, making suggestions to Plaintiff's various opposition memoranda, etc.

16. Suffice to say (without delving into matters protected by the attorney-client privilege), fundamental disagreements now exist between Plaintiff and Movants that caused Movants to believe that they cannot fairly continue to represent Plaintiff in this matter.

17. As of this date, replacement counsel has not been identified, so Movants request that Plaintiff be allowed thirty (30) days to either retain new counsel or notify the Court that Plaintiff intends to proceed *pro se*.

18. Movants provide the following contact information for Plaintiff:

> Scott Serio
> 7 Spring Knoll CT, Colora, MD 21917
> eclipsesportswire@gmail.com
> 443-693-3454

19. In accordance with Local Rule 2.02(c), undersigned counsel certifies that notice of this withdrawal was provided to Plaintiff and counsel for Defendant more than fourteen (14) days before the filing of this Motion. Plaintiff was provided with at least fourteen (14) days notice of the filing of this Motion.

**WHEREFORE**, Movants respectfully request that the Court enter an Order authorizing their withdrawal from representation of Plaintiff in this action and for such further relief as the Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned conferred in good faith with Defendant's counsel with respect to the relief requested herein. Defendant's counsel did not oppose this Motion.

Dated: March 28, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that, on March 28, 2025, the foregoing

document was served via US Mail on Plaintiff at 7 Spring Knoll CT, Colora, MD 21917.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.