**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SCOTT SERIO,**

      **Plaintiff,**

v.                                          Case No.: 8:22-cv-01433-NHA

**THE SPORTS MALL, LLC,**

      **Defendant.**

_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**
**AND REQUEST TO RETAIN JURISDICTION**

Plaintiff, Scott Serio, and Defendant, The Sports Mall, LLC, by and through their undersigned counsel, pursuant to a settlement agreement entered into by the parties on August 6, 2025, and pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby stipulate to the dismissal of the above-styled proceeding and all claims and defenses asserted therein, with prejudice, which effectiveness is conditional on this Court entering an order retaining jurisdiction to enforce the terms of their settlement agreement, pursuant to *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012) ("when dismissal is pursuant to Rule 41(a)(1)(A)(ii), the district court is 'authorized to embody the settlement contract in its dismissal order … if the parties agree'") (applying *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).

Here, the parties' settlement agreement, executed on August 6, 2025, contemplates they will request that the Court retain jurisdiction, post-dismissal

with prejudice, to enforce the payment provisions of the agreement in the event of a violation. In the event this Court wishes to review the settlement agreement prior to dismissing the case, the parties respectfully request that the settlement agreement be submitted for *in camera* review so that the Court may understand the very limited scope of the requested retention, which may lead to less judicial effort than if the Court does not retain jurisdiction. Specifically and for avoidance of doubt, this stipulation's effectiveness is conditioned upon the Court's entry of an order of dismissal with prejudice which retains jurisdiction over the parties' settlement agreement. *Anago Franchising*, 677 F.3d at 1280.

The parties appreciate this Court's indulgence in considering the settlement agreement in order to place this request for retention of jurisdiction in proper context.

Dated: August 8, 2025

/s/Jason P. Stearns
Jason P. Stearns
Florida Bar No. 59550
jstearns@sgrlaw.com
Smith, Gambrell & Russell, LLP
201 North Franklin Street
Suite 3550
Tampa, Florida 33602
Telephone No.: (813) 488-2920
Facsimile No.: (813) 488-2960

*Counsel for Plaintiff*

/s/ J. Todd Timmerman
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@shumaker.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Jason P. Stearns
Attorney